## Commonwealth ex rel., Appellant, *v.* O'Neal.

*Boroughs—Borough councilmen—Holding over—Public officers.*

While the Act of June 1, 1883, P. L. 54, repeals the 17th section of the act of April 3, 1851, in so far as the same requires the annual election of members of the borough council, and directs in lieu thereof that they be elected every three years, yet it does not modify nor change in any respect the terms of the 19th section, which provides "that the officers elected shall serve until others are duly elected and qualified." The meaning of the latter section is that the officer shall be entitled to his position for at least a designated time, and under certain contingencies for a longer period. Until there is a duly constituted successor he is an officer de jure as well as de facto.

Argued April 29, 1902.    Appeal, No. 131, Jan. T., 1902, by plaintiff, from judgment of C. P. Cumberland Co., on quo warranto in case of Commonwealth ex rel. Thomas E. Vale, District Attorney, v. L. P. O'Neal.    Before McCollum, C. J., Mitchell, Dean, Fell and Potter, JJ.    Affirmed.

Quo warranto to determine title to office.

From the record it appeared that Dr. L. P. O'Neal was duly elected a member of council of the borough of Mechanicsburg on February 21, 1899, and was sworn in on Monday, March 6, 1899, to represent the third ward of Mechanicsburg until Monday, March 3, 1902.

Dr. L. P. O'Neal was again a candidate in February, 1902. His opponent was George L. Wenk.    The election was held on February 18, 1902, and resulted in a tie vote.    Dr. L. P. O'Neal received eighty-one votes and George L. Wenk eighty-one votes.

On Monday, March 3, 1902, the councilmen elected for the borough of Mechanicsburg met to organize, when Dr. L. P. O'Neal presented himself and insisted on his right to be sworn in as a councilman for the third ward of Mechanicsburg on the ground that he was entitled to hold said position under the 19th section of the Act of April 3, 1851, P. L. 320, because a successor had not been elected to fill his position.

E. W. Biddle, P. J., filed the following opinion:

The borough of Mechanicsburg is subject to the provisions of

the Act of April 3, 1851, P. L. 320, the 17th section of which provides for the annual election, inter alia, of councilmen who are designated therein as corporate officers.    The 19th section of the same act is as follows :

" That the officers elected shall serve until others are duly elected and qualified."

The meaning of this language is that the officer shall be entitled to his position for at least the designated time, and under certain contingencies for a longer period : Com. v. Hanley, 9 Pa. 513.

Until there is a duly constituted successor he is an officer de jure as well as de facto : Commonwealth v. Hanley, supra ; 19 Am. & Eng. Ency. of Law, 433.

Whilst the Act of June 1, 1883, P. L. 54, repeals the 17th section aforesaid in so far as the same requires the annual election of members of the town council, and directs in lieu thereof that they be elected every three years, yet it does not modify or change in any respect the terms of the 19th section, nor does any other statute do so.    Under the undisputed facts, therefore, Dr. L. P. O'Neal was a councilman on the evening of Monday, March 3, 1902, and will continue to be such until a successor shall have been duly elected and qualified.

This proceeding having been instituted by the district attorney in his official capacity, we will direct that the county pay the costs.

And now, April 11, 1902, it is ordered that judgment be entered in favor of the defendant, and that the costs be paid by the county of Cumberland.

*Error assigned* was the order of the court.

*R. W. Woods*, with him *Thomas E. Vale, J. L. Young* and *J. L. Shelly*, for appellant.

*F. E. Beltzhoover*, with him *H. H. Mercer* and *W. F. Sadler*, for appellee.

PER CURIAM, May 19, 1902 :

The judgment is affirmed on the opinion of the learned judge of the common pleas.