# Commonwealth v. Clark.

*Elections—Borough councilmen—Failure to designate terms—Appointment of councilmen to fill vacancy—Act of May 22, 1895, P. L. 109—Quo warranto.*

1. In an election for borough councilmen, some of whom are elected for full terms and some for unexpired terms, it is necessary for the qualified electors as prescribed by the Act of May 22, 1895, P. L. 109, to designate on their ballot for whom they vote to fill the unexpired terms. Where in such an election there were four vacancies for the full term and one vacancy for an unexpired term, but the commissioners in printing the ballots omitted all designation of the terms and under the mistaken belief that there were six vacancies instead of five, printed the names of the candidates with directions to vote for six, the entire election was void.

2. In such case, where another councilman resigned after the date of the election and relator was appointed to fill the vacancy by the remaining members of council, under the Act of May 22, 1895, P. L. 109, quo warranto was the proper remedy for him to test the right of the said councilmen illegally elected to hold office, and to determine his right to a seat in the council by virtue of his appointment.

Argued March 15, 1915. Appeal, No. 87, Oct. T., 1915, by James H. Heath and H. A. Baldwin, defendants, from judgment of C. P. Westmoreland Co., May T., 1914, No. 189, of ouster in quo warranto proceedings in case of Commonwealth of Pennsylvania, ex relatione, Charles E. Weaver, v. David Clark, R. R. Graham, Daniel A. Long, James H. Heath, H. A. Baldwin and Alex Logan.

Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Modified and affirmed.

Quo warranto to oust from office the defendants and to declare that relator was entitled to hold the office of borough councilman. Before COPELAND, P. J., specially presiding.

The opinion of the Supreme Court states the case.

The jury, by direction of the court, found that the relator was duly appointed to office, that defendants, James H. Heath and H. A. Baldwin were holding office without lawful authority and that the other four defendants were duly elected and were legally holding office and judgment was entered accordingly.

*Error assigned* inter alia was the instruction to the jury directing the verdict as found.

*Lewis C. Walkinshaw,* Borough Solicitor, with him *Hugh W. Walkinshaw,* for appellant.

*Alexander Eicher,* with him *C. Ward Eicher,* for appellees.

OPINION BY MR. JUSTICE FRAZER, April 12, 1915:

The Borough of South Greensburg is a municipality not divided into wards and is therefore entitled to seven councilmen. The term of office of four of the members was due to expire the first Monday of January, 1914, and their successors were to be elected in November, 1913. The unexpired term of another, which had two more years to run, was also to be filled at that election. In July, 1913, a sixth member, Richard Clyde, signified his intention of removing from the borough. He did not, however, formally present his resignation to council until November 15th, at which time the relator was chosen to fill the vacancy, and on December 2, 1913, took the oath of office and assumed his official duties. In the

meantime the borough secretary, whose duty it was to advise the county commissioners of the offices to be filled at the ensuing election and the term of each, had advised those officers to the effect that three members of council were to be elected for a term of four years, and two for a term of two years. Subsequently one of the remaining councilmen, under the mistaken belief that his term of office also expired in January, 1914, notified the secretary to that effect, who thereupon called the county commissioners by telephone and informed them there would be six vacancies to be filled at the election instead of five. The commissioners, in printing the ballots, omitted all designation of the length of terms, and merely printed names of the candidates with direction to vote for six. The six receiving the highest number of votes were declared elected, the two lowest of the six having received a tie vote.

At the organization of council the six candidates so declared elected, who are the defendants in these proceedings, were recognized as councilmen to the exclusion of the relator. The question as to who should fill the unexpired terms, including that claimed by the relator, was decided by drawing lots in accordance with the provisions in the Act of May 20, 1913, P. L. 268. The relator then filed this writ of quo warranto, claiming defendants were not entitled to hold office, and that he was entitled to a seat in the council by virtue of his appointment to fill the vacancy created by the resignation which was presented to and accepted by council subsequent to the November election.

There were five vacancies to be filled at the election. Four by reason of expiration of term of office, and one for an unexpired term of two years. For these five vacancies there were six candidates, and, in addition to this the ballot bore no designation as to which of the candidates were to be voted for the full term, and which for the unexpired term. The trial judge held the election of the sixth person to be void and that the five

candidates receiving the highest number of votes were elected, but, since the two lowest received a tie vote, such vote was not an election and created a vacancy in the fifth office. A special verdict was directed to be rendered as follows: "1st. That Charles E. Weaver, relator, was duly appointed to fill the vacancy caused by the resignation of Richard Clyde, and that his term of office will not expire until 1st Monday of January, 1915, or until his successor is duly elected. 2d. That H. A. Baldwin and James H. Heath, two of the respondents, are usurping the office of councilmen of South Greensburg Borough and holding the same without lawful authority. 3d. That David Clark, R. R. Graham, Daniel Long and Alex Logan were duly elected having received the highest number of votes and are legally holding the office of councilmen." Judgment of ouster was subsequently entered by the court below and this appeal followed.

It is contended that quo warranto is not the proper remedy but that relator should have followed the procedure prescribed by the Act of May 19, 1874, P. L. 208, for the disposition of contested election cases, which requires that proceedings be begun by petition within thirty days after the election, and therefore the relator had no standing in February, 1914, to question the validity of the election. It seems only necessary to state this contention to show that it is not applicable to this case. The contention overlooks the fact that relator was not a candidate for election but was subsequently appointed to fill a vacancy which occurred after the election. He had no knowledge of any irregularity in the election nor could he know that a successful candidate at that election would subsequently contest his right to a seat in council left vacant by a resignation that did not take place until after the election. The presence of six names on the ticket was not due to a mistaken attempt to fill a supposed vacancy, but resulted from a mistake on the part of another councilman and the borough secretary as to the date of expiration of the former's term of of-

fice. Furthermore, the relator's right to office was not contested until January, 1914, when the new council was organized and the procedure prescribed by the above act was no longer open to him, even if this act be held to apply to the circumstances of this case. The remedy by quo warranto is therefore the proper one, Updegraff v. Crans, 47 Pa. 103; Gilroy's App., 100 Pa. 5; Commonwealth v. James, 214 Pa. 319; Commonwealth v. Durkin, 245 Pa. 507. The facts recited above also dispose of the question of an estoppel by reason of the relator's participation in the election.

Section 4 of the Act of May 22, 1895, P. L. 109, gives the members of council power "to fill any vacancy which may occur therein by death, resignation, removal from the borough, or otherwise, until the next annual election for members of town council, when such vacancy shall be filled by electing a qualified citizen to supply the same for the balance of the unexpired term; provided, the qualified voters shall designate on their ballots that the person or persons therein named are voted for to fill an unexpired term."

The question is whether failure to follow the requirements of the proviso of the Act of 1895 quoted above invalidates the election. This question was before this court in Commonwealth v. Durkin, 245 Pa. 507, where six councilmen were to be elected, two for unexpired terms and four for full terms, but the ballots failed to state which of the candidates were to be voted for, for the unexpired term, as required by the Act of 1895, and the election was held illegal and the candidates ousted from office. This court said: "By Sec. 4 of the Act of May 22, 1895, P. L. 109, it was necessary for the qualified electors to designate on their ballot that they voted for two persons named thereon to fill unexpired terms. This was not done and it was impossible to ascertain from the ballots cast who of the six who received the majority of the votes cast had been elected for the unexpired

term." This disposes of the principal question in this case.

There was no error in holding that Richard Clyde continued in office until his resignation was presented to and accepted by councils, all of which took place subsequent to the November election. By the Act of April 3, 1851, P. L. 320, Sec. 19, borough officers serve until their successors are duly elected and qualified. This is a general rule as to all public officers, Commonwealth v. O'Neal, 203 Pa. 132. There can be no appointment of a successor to fill a vacancy until the fact of its existence is formally brought before council.

The mere fact that Richard Clyde stated unofficially and prior to the November election that he intended later to remove from South Greensburg did not create a vacancy. He might change his mind and remain a resident of the borough. It is actual resignation or removal that creates a vacancy in an office, not a statement of an intention to resign or remove. But even if it were held otherwise, it would not relieve the situation, and correct the defect which existed in the ballot voted by electors at the election. The above view of the case makes it unnecessary to discuss the other question raised.

The election of the six defendants is declared invalid and judgment of ouster directed to be entered excluding them from the office of councilmen of the Borough of South Greensburg so far as such election is concerned. The portion of the decree affirming the right of the relator to hold his office by virtue of his appointment to fill the vacancy created by the resignation of Richard Clyde is affirmed.