**Commonwealth ex rel. District Attorney v. Champaine**

*Peter J. Hart,* for Commonwealth.
*Gary R. Block,* for defendant.

STIVELY, *J.,* April 22, 1980—By this quo warranto action, the Commonwealth seeks the removal of defendant as a member of the Board of Supervisors of East Bradford Township on the factual basis that he is not a "registered elector" of that township.

After hearing, the court makes the following

## FINDINGS OF FACT

1. Defendant was elected to a six year term as a member of the Board of Supervisors of East Bradford Township, taking office on January 1, 1976. Defendant is presently holding said office.

2. At time of taking office as aforesaid, defendant was residing with his wife at 950 Connelltown Road, East Bradford Township, Chester County, Pa. In January, 1977 defendant left the said residence and has not returned thereto.

3. On February 1, 1977 defendant entered into a lease for Apartment C-7 in Cambridge Hall Apartments, West Goshen Township, Chester County, Pa. Said lease is still in effect on a month-to-month basis. No notice of termination of the lease has been initiated by defendant.

4. On or immediately after February 1, 1977, defendant took up residence (see discussion) at the Cambridge Hall apartment and resided there continuously up to the date of the hearing.

5. In March, 1978 following the divorce of defendant and his wife, defendant told one or more of the other members of the Board of Supervisors that

he was making arrangements to "move back" into East Bradford Township.

6. In June, 1978 defendant reported to the Chester County Voter Registration Office that he resided at 311 Birmingham Road, East Bradford Township. At that time defendant was the owner of those premises, consisting of a tract of 35 acres of land, horse barn, tack room and offices. He did not, in fact, reside at that place.

7. In September, 1978 defendant moved two end tables, some items of clothing, and various personal items into a basement living room (with shower) in the home of Jacqueline Little, a friend of defendant, at 912 Springwood Drive, East Bradford Township. Since September, 1978 defendant has spent some time at Mrs. Little's house, but has not resided there under the legal tests for residence (see discussion).

## DISCUSSION

Section 401 of The Second Class Township Code of May 1, 1933, P.L. 103, as amended, 53 P.S. §65401 (East Bradford Township is of the second class) provides: "No person shall be eligible to the office of supervisor, assessor, auditor or tax collector in any township unless he is a registered elector of the township for which he is chosen."

The term "registered elector" is not statutorily defined. Cf. "qualified elector" in the Permanent Registration Act of April 29, 1937, P.L. 487, as amended, 25 P.S. §951-2(k). However, section 19 of the act, 25 P.S. §951-19, states that:

"Every person *living in* a . . . township who shall possess all the qualifications of an elector as provided in the Constitution and laws of this Com-

monwealth, or who by continued residence in his election district will have obtained such qualifications before the next ensuing elections, shall be entitled to be registered as herein provided. . . ."[1] (Emphasis supplied.) See also, Pa. Const., Art. 7, §1.

The procedure for transfer of registration upon change of residence is also provided for under the aforesaid Permanent Registration Act, section 27, 25 P.S. §951-27. "Registered elector" clearly means *"properly* registered elector;" thus one whose name appears on the district register, 25 P.S. §951-18(d), but who is no longer a resident of said district is not a lawfully "registered elector." Furthermore, the requirement of The Second Class Township Code is that the person must be "a registered elector *of the township for which he is chosen."* (Emphasis supplied.) It is clear, therefore, that the defendant herein could not serve as a member of the Board of Supervisors of East Bradford Township unless he was, at all times, a "resident" of said township.[2] See Com. ex rel. District Attorney v. Wells, 16 Lack. Jur. 323 (1916).

The Pennsylvania Election Code of June 3, 1937, P.L. 1333, section 704(a), 25 P.S. §2814(a), provides:

---

1. The durational residency requirements were limited to 30 days by the Supreme Court in Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995 (1972).

2. The practical basis for requiring that a supervisor live in the township is obvious. Legislative intent may be ascertained by considering, inter alia, "[t]he object to be attained" and "[t]he mischief to be remedied." Statutory Construction Act of 1972, 1 Pa.C.S.A. §1921(c).

"In determining the residence of a person desiring to register or vote, the following [rule] shall be followed so far as [it] may be applicable: (a) [t]hat place shall be considered the residence of a person in which his habitation is fixed, and to which, whenever he is absent, he has the intention of returning."

"In cases such as this, 'residence' approximates domicile in meaning." Com. ex rel. Fortney v. Bobrofskie, 329 Pa. 44, 196 Atl. 489 (1938), citing Fry's Election Case, 71 Pa. 302 (1872).

The classic exposition on the legal concept of domicile is contained in Dorrance's Estate, 309 Pa. 151, 163 Atl. 303 (1932). Therein, at 173, the court wrote:

"'In a strict legal sense that is properly the domicile of a person where he has his true, fixed permanent home and principal establishment, and to which, whenever he is absent, he has the intention of returning.' To acquire a domicile of choice two things must concur: '(1) Physical presence in the place where domicile is alleged to have been acquired; (2) Intent to make that place the home of the party.'"

In view of defendant's position in this matter, the following portion of the Dorrance's Estate opinion, at p. 165 (cited in Com. ex rel. Fortney v. Bobrofskie, supra, at 48), is applicable:

"With a few scattered expressions to the contrary, the law is generally settled that, as regards the determination of domicile, a person's expression of desire may not supersede the effect of his conduct. 'Apart from possible exceptions, a man cannot re-

tain a domicile in one place when he has moved to another and intends to reside there for the rest of his life, by any wish, declaration or intent inconsistent with the dominant facts of where he actually lives and what he actually means to do': National City Bank v. Hotchkiss, 231 U.S. 50, 56; Dickinson v. Brookline, 181 Mass. 195. See also Thayer v. Boston, 124 Mass. 132. 'Every person must have a domicile somewhere and a man cannot elect to make his home in one place for the general purposes of life, and in another place for the purposes of taxation': Feehan v. Tax Commissioner, 237 Mass. 169, 171. 'A declaration [as to domicile] that is self-serving and not followed by acts in accordance with the declaration will not be regarded as conclusive, but will yield to the intent which the acts and conduct of the person clearly indicate': In re Paris's Est., 176 N.Y.S. 879, 882."

Intention is an important factor to be considered in determining legal residence. But it alone is insufficient and one's legal residence is not necessarily where he says it is or even intends it to be. "[I]t is a fact question, in the determination of which all feigned appearances must be brushed aside:" In re Nomination Petition of Silverman, 89 Dauph. 59, 61 (1968).

This court has found as a fact that on or about February 1, 1977 defendant's residence changed from 950 Sconnelltown Road, East Bradford Township to Cambridge Hall Apartments, West Goshen Township.[3] Defendant apparently admits this fact but contends that his residence, as of September,

3. See Pennsylvania Election Code, section 704(d), 25 P.S. §2814(d).

1978, became 912 Springwood Drive, East Bradford Township.[4]

The court has found that defendant's residence remained at Cambridge Hall continuously until the hearing. This finding is based upon the following indicia, present after September, 1978: physical presence; keeping of clothing; mail delivery; telephone service; weekend visits with son; furniture and cooking utensils present; payment of rent. Although defendant claimed a physical presence at 912 Springwood Drive after September, 1978, his evidence as to the aforesaid indicia of residence at the latter location was significantly less or completely lacking in comparison with that applicable to the Cambridge Hall location. It is also significant that, on January 30, 1979, in a criminal complaint filed by him, defendant stated that he was residing at Cambridge Hall Apartments. The clearly improper use of the 311 Birmingham Road address as a "residence" for voter registration use (See Finding of Fact No. 6) reflects adversely upon defendant's credibility. In addition, the hearing judge noted vagueness, self-contradiction and even evasiveness by the defendant when testifying that diminished his credibility as to the extent of his physical presence at the Springwood Drive house.

The "residence" information contained on de-

---

4. It may well be that such an admission by defendant concludes this matter adversely to him. That is, a removal of residence from a township may thereby, without more, create a vacancy that cannot be cured by a move back into the township. In Com. v. Clark, 249 Pa. 109, 114, 94 Atl. 473 (1915), the court wrote: "It is the actual resignation or removal that creates a vacancy in an office. . . ." Herein, the question is academic, since the court has found that defendant's residence remained in West Goshen Township continuously after February, 1977.

fendant's driver's license and gun permit originated with him and was clearly self-serving. One does not establish a lawful domicile merely by declaring it to be so: Stabile Registration Case, 348 Pa. 587, 591, 36 A. 2d 451 (1944).

In alleging a change of residence in September, 1978, defendant assumed the burden of proving the same: Mitchell v. U.S., 88 U.S. 350, 353 (1874); Dorrance's Estate, supra, 172. He has failed to carry that burden.

At argument, defendant claimed "laches" on the part of the Commonwealth. To constitute this equitable defense, two elements are essential: (1) negligent delay in prosecuting a claim for more than a reasonable time; and (2) prejudice to the adversary by reason of such delay: Brodt v. Brown, 404 Pa. 391, 172 A. 2d 152 (1961). Even assuming his proof of the first element, defendant has shown nothing in support of the second.

## CONCLUSIONS OF LAW

1. Defendant moved his residence from East Bradford Township to West Goshen Township in February, 1977 and has never regained residence in East Bradford Township.

2. Defendant is not now eligible to hold the office of supervisor in East Bradford Township.

## VERDICT

Verdict is entered in favor of plaintiff. Exceptions may be filed by any party pursuant to Pa.R.C.P. 1114 and 1038 within ten days after notice of the filing of this decision.