## Updegraff *et al. versus* Crans.

*Proper remedy for testing right to exercise borough office.*

47  103
160  201
161  642

47  103
175  255

A bill in equity for an injunction to restrain borough officers from entering upon official duties, under an alleged illegal appointment of town council, will not lie, though they had not exercised or attempted to exercise the duties of their offices: the remedy is at law, by *quo warranto*, and to be invoked *after* entry into, or exercise of authority under, their appointment.

APPEAL from the Common Pleas of *Lycoming county.*

This was an appeal by Abraham Updegraff and others (claiming to have been elected officers of the borough of Williamsport by the town council thereof,) from the decree of the court below, awarding a writ of injunction restraining them from entering upon and discharging the duties of their respective offices.

The case was this: On the 6th of July 1863, Samuel M. Crans, burgess of the borough of Williamsport, filed his bill in the Common Pleas, wherein, after reciting the Acts of Assembly relative to the incorporation of Williamsport, he set forth:—

" That he is the burgess of the borough of Williamsport, duly elected and qualified. That the members of the town council are Eber Culver, Louis Schneider, William A. McCann, Philip A. Moltz, William F. Logan, M. Lehman, Peter Herdic, John Van Vorce, and David Trainer. That upon the 15th day of June, A. D. 1863, Peter Herdic, William McCann, Eber Culver, Louis Schneider, and Philip A. Moltz, assembled together, and without authority of law, proceeded to elect as officers of the borough of Williamsport—Abraham Updegraff, Treasurer; John W. Heylmun, Street Regulator; Adam Follmer, John W. Bloom, and R. M. Foresman, Street Commissioners; Alexander Page, Thomas

[Updegraff *et al. v.* Crans.]

Throp, and B. H. Taylor, Overseers of the Poor; George W. Bloom, High Constable; John B. Rankin, Clerk of the Market; Thomas Pollys and Henry Showers, Stove-Pipe Viewers; F. D. Green, Chief Engineer of Fire Department; Aaron J. Dietrick, Clerk of Council; Aaron J. Dietrick, Attorney of Council.

"That the said Herdic, Culver, Schneider, McCann, and Moltz, authorized and required the officers so by them elected, at once to assume their offices and perform the duties thereof. That he was not present at said meeting at any time, nor were the other members of the council, to wit, Logan, Lehman, Trainer, and Van Vorce; nor was the duly elected secretary of the council, Robert P. Allen, present at said meeting at any time. That as soon as the aforesaid election was held, Peter Herdic took the books containing the records of the borough, and carried them off, and that said records are now under his control. That he is informed and believes that the election so held as aforesaid, for the officers aforesaid, is totally illegal and void, and was held without any warrant or authority whatsoever," with a prayer for an injunction to restrain said persons from exercising the duties of the offices to which they were elected as above stated. To this bill the respondents demurred, on the ground that the proper remedy was by writ of *quo warranto*, but the court overruled the demurrer and directed the respondents to answer.

The respondents admitted in their answer, that on the 15th day of June, A. D. 1863, and for some time previously thereto, Eber Culver, Louis Schneider, William A. McCann, Philip A. Moltz, William F. Logan, M. Lehman, Peter Herdic, and John Van Vorce were and had been acting as members of the town council of the borough of Williamsport, and were duly elected and qualified as such, as set out in the complainant's bill.

"That the town council had fixed the time for holding their stated meetings on the first and third Mondays in each month, by a resolution of said board, duly passed on the 6th day of April, A. D. 1863, and entered upon the minutes. That they had since that time, in pursuance of said resolution, been in the habit of holding their stated meetings on the first and third Mondays in each month, for the transaction of all business which should properly come before them ; and of which said meetings, and the time for holding the same, the complainant was aware, and had due notice. That upon the first Monday in June last, a majority of the members of the town council above named were not present, and consequently no business was or could be transacted by them at that time. That on the next stated meeting thereafter, to wit, on the 15th day of June, A. D. 1863, a majority of the town council, to wit, Peter Herdic, William A. McCann, Eber Culver, Louis Schneider, and Philip A. Moltz were present

at the office of Robert P. Allen, in said borough, the usual place and time of meeting of said council, and did proceed to transact the business brought before them as the said council had previously been in the habit of doing.

"That the said meeting on the said 15th of June 1863, as aforesaid, was held at the proper time; and that the said members of the town council so present as aforesaid, then and there had the right to elect or appoint those persons to serve as the officers of said borough for the ensuing year, in place of the old officers·whose term had expired; and, denying that the said meeting of the town council so held on the 15th of June, A. D. 1863, was without authority of law, but averring that it was held according to law, and in accordance with the uniform practice regulating the meetings of the town council of said borough since the organization thereof; that the complainant had full notice of the meeting of the said town council so held as aforesaid upon the 15th day of June, A. D. 1863, and could have been present at said meeting if he had desired to do so, but denied that it was necessary for him to be present in order to render valid the acts done by the said town council, nor was it necessary or essential to the validity of their acts and doings that the said Robert P. Allen should be present at said meeting."

They also denied that the books containing the records of said borough were taken away by Peter Herdic and are now under his control, but on the contrary, alleged and averred that all the books and records of said borough were left in the office of Robert P. Allen, former secretary of said board, with the exception of the last minute-book, which was taken and delivered to A. J. Dietrich, the successor in office of the said Robert P. Allen, who now has the same in his custody as the secretary of the said town council, and, as these defendants verily believe, is authorized to retain the same, &c. On hearing the court below awarded the injunction prayed for; which was the error assigned here.

*William W. Willard* and *A. J. Dietrich,* for appellants.

*Clinton Lloyd* and *Henry C. Parsons,* for appellee.

The opinion of the court was delivered, March 21st 1864, by
THOMPSON, J.—The complainant below mistook the remedy for testing the rights of the several persons claiming to be borough officers, under the appointment of the borough council, on the 15th of June last. *Quo warranto* is the specific statutory remedy for such a case. But it is alleged that the appointees had not entered upon, or exercised, or attempted to exercise, the duties of their offices when the bill was filed. If that be so, it only

[Updegraff *et al. v.* Crans.]

shows that the plaintiff moved too soon.  He should have waited, and if they never entered or usurped the exercise of authority under their appointments, no harm would have been done; but if they did, that moment the law would afford an ample remedy by *quo warranto* for trying their right.  This specific remedy at law, ousts the equitable jurisdiction of the case.  There should, therefore, have been judgment on the demurrer for the defendants, and the bill dismissed.

The decree of the Common Pleas is now reversed, and the bill of complaint is dismissed at the costs of the appellee, including the costs of the appeal.

WOODWARD, C. J., was absent at Nisi Prius when this case was argued.