Commonwealth ex rel. *v.* Wherry et al., Appellant.

Argued October 9, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Charles P. Walter,* of *Hazlett, Gannon & Walter,* for appellants, cited: Murphy v. Bank, 20 Pa. 415; Leib v. Com., 9 Watts 200; Com. v. Haesler, 161 Pa. 92;

County Comm'rs Petition, 255 Pa. 88; Com. v. Wickersham, 90 Pa. 311.

*Edward O. Spotts, Jr.,* for appellee, cited: Com. v. Conroy, 267 Pa. 518; Com. v. Elliott, 291 Pa. 98; Com. v. Pfromm, 255 Pa. 485; Com. v. Harris, 248 Pa. 570; Com. v. Durkin, 245 Pa. 507; Com. v. Egan, 234 Pa. 24.

OPINION BY MR. JUSTICE SIMPSON, November 24, 1930:

In each of these cases the Commonwealth, at the relation of the district attorney of Allegheny County, caused a writ of quo warranto to be issued against the respondent, to show by what warrant he claimed to exercise the office of councilman of the Borough of Brackenridge in that county. The suggestion averred that he had lost the right to hold the office, by becoming financially interested in the furnishing of supplies and materials to the borough, in violation of the provisions of the Act of May 28, 1907, P. L. 262. He petitioned the court to dismiss the proceedings because (1) he was not a county or township officer, and, "under the Quo Warranto Act of June 14, 1836, P. L. 621, the courts of common pleas have jurisdiction only in cases involving" such offices; and because (2), as a matter of fact, he had "never been interested directly or indirectly in any contract for the sale or furnishing of supplies to or for the use of said Borough of Brackenridge." A rule to show cause was granted and later discharged, whereupon respondent took this appeal.

The dismissal of the petition was a purely interlocutory order, and hence no appeal lies therefrom, unless by virtue of some act specifically authorizing it, the matters to be considered thereon necessarily being limited by the scope of the statute. The only applicable one is the Act of March 5, 1925, P. L. 23, which gives the right to appeal where the court's jurisdiction over the person of defendant, or of the cause of action alleged, is challenged in the way prescribed. Point (2) above

quoted, has nothing to do with questions of jurisdiction and hence is not open for consideration at this time. Our only point is, therefore: Has the court of common pleas jurisdiction to hear and determine a quo warranto against an officer of a borough located within the county? We are clear that it has.

The Act of 1907, supra, says that if a "member of council of any borough [becomes]......in any way interested, either directly or indirectly, in any contract for the sale or furnishing of any supplies or materials to be furnished to or for the use of such borough...... [he] shall forfeit his office." The statute does not say how the fact of interest is to be determined and the forfeiture adjudged; consequently this must be done in accordance with common law procedure or under other statutes. So far as we are aware, quo warranto always has been and still is the only appropriate remedy under such circumstances (Com. ex rel. v. Conroy, 267 Pa. 518; Eddy v. Ashley Boro., 281 Pa. 4, 6); certainly appellants have not even suggested the existence of any other where the question involved is simply the right to hold an office.

The writ of quo warranto is as ancient as the common law itself (Roberts Digest of British Statutes 390), and several of the English statutes relating to it were reported by the judges of this court as in force here: 3 Binney 599. Under the authority of the resolution of March 23, 1830, P. L. 408, the governor appointed William Rawle, T. I. Wharton and Joel Jones as commissioners to revise the Civil Code of the State. In their seventh report, they recommended an act on the subject of quo warranto and mandamus, which ultimately became the Act of 1836, supra. In their report they said (page 51) : "As the law now is, the Supreme Court has the exclusive jurisdiction of writs of quo warranto and mandamus"; this was said to be so, also, in Leib v. Com., 9 Watts 200, 204.

By the Act of 1836, so far as concerns public officials, jurisdiction is given to the Supreme Court "in all cases in which the writ of quo warranto, at common law, may have been issued, and in which the said court has heretofore possessed the power of granting information, in nature of such writ," and to "the several courts of common pleas, concurrently with the Supreme Court, in the following cases, to wit......county or township offices within the respective county." Appellants contend that this language is plain and gives to the common pleas jurisdiction in the case of county and township officers only, and that they, as well as all other officials of the minor political divisions below the county and township, are not in that class, and hence, under the statute, quo warranto as to them could only be issued by the Supreme Court. On the other hand, appellees claim that the officials of those minor political divisions are officers "within the respective county," that jurisdiction over them is in the common pleas, and that this has been the uniform practice under the Act of 1836. We do not find it necessary to decide these questions. It is clear that at common law every public official was liable to amotion by quo warranto in some court, and this was so, also, under the Act of 1836.

Matters remained thus until the Constitution of 1873 went into effect. By article V, section 3, it limited the original quo warranto jurisdiction of the Supreme Court "to all officers of the Commonwealth whose jurisdiction extends over the State." After this, if appellants' contention is correct, they, and those in like situation, were liable to amotion by quo warranto, but there was no court having jurisdiction to issue the writ. It is not necessary to decide this point, for assuming it also to be a correct contention, it ceased to be so when the Act of July 10, 1901, P. L. 637, was passed. This statute provides "That the courts of common pleas of the several counties of this Commonwealth are hereby clothed with jurisdiction in all cases in which the Commonwealth is

a party," except tax cases. It will be noticed that it confers "jurisdiction" on the common pleas, and hence, from then on, since the Commonwealth is always a party to actions of quo warranto, that court has jurisdiction in all such cases. Of course, the statute applies only to civil suits. To authorize the courts of common pleas to try criminal cases would revolutionize our system of government, and hence a legislative intention so to do cannot be implied (O'Connor v. Armstrong, 299 Pa. 390), even if constitutionally permissible, which is more than doubtful.

The orders of the court below are affirmed.