## Williams's Appeal.

Argued May 24, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*A. P. Conniff,* with him *Carl J. Burke,* for appellant.

*Leo W. White,* for appellee.

OPINION BY MR. JUSTICE DREW, June 30, 1933:

On January 7, 1933, five citizens of the Borough of Hughestown presented their petition to the Court of Quarter Sessions of Luzerne County, alleging that John M. Williams, a duly elected councilman of Hughestown, had abandoned his residence in the borough; that as a result a vacancy had existed in the borough council for over 30 days, which vacancy the council had been unable to fill; and praying the court to appoint, under the provisions of section 902 of the General Borough Act of May 4, 1927, P. L. 519, one Francis Mullarkey to fill the unexpired term of the office. A rule was issued upon Williams to show cause why the prayer of the petition should not be granted. He moved to dismiss the petition and discharge the rule, on the ground, inter alia, that it was not a proper proceeding in which to determine the existence of such vacancy. The motion to dismiss was overruled, and respondent filed an answer to the rule, averring that he had not removed his residence from the Borough of Hughestown, nor had he ever entertained any intention of doing so, and that there was no vacancy in the office to which he had been elected. After a hearing and further proceedings, the court below declared that Williams had removed from the borough, and as a result had forfeited his office as borough councilman. Mullarkey was appointed to the vacancy. Respondent appealed.

The only real dispute between the parties is whether appellant forfeited his office by removal from the borough. This question is not before us, because it has not been raised in a proper way. It is admitted that appel-

lant was duly ·elected, and has at all times asserted his right to the office. Under circumstances such as these, where a public officer is de facto exercising the functions of his office under color of right, we have repeatedly held that the proper remedy to test his title is by writ of quo warranto, which is not only adequate but exclusive: Hagner v. Heyberger, 7· W. & S. 104; Updegraff v. Crans, 47 Pa. 103; Gilroy's App., 100 Pa. 5; Goldsworthy v. Boyle, 175 Pa. 246; Brower v. Kantner, 190 Pa. 182; Com. v. Conroy, 267 Pa. 518; Eddy v. Ashley Boro., 281 Pa. 4; and see Com. v. Wherry, 302 Pa. 134; Com. v. Blume, 307 Pa. 406. This is an attempt to remove an elected officer, who continues to assert his right to the office, in a manner other than that provided by law. It cannot succeed. This proceeding, to use the expression of Mr. Justice ELKIN in Com. v. James, 214 Pa. 319, is like a house built on sand; the foundation being swept away, the superstructure crumbles and falls.

Petitioners contend that there was an actual removal from the borough, which created a vacancy, and that therefore it was unnecessary to have a judicial determination of that fact by the usual procedure of quo warranto before filling the vacancy under the provisions of the General Borough Act. This argument is vain where, as here, the de facto incumbent denies his removal from the borough and asserts his title to the office. The General Borough Act makes no provision for the determination of a vacancy where it is a matter of dispute, and the existence of such vacancy is, of course, a prerequisite to the making of an appointment. Consequently, this question must be determined according to established forms of procedure. Since the sole matter involved is the right to hold a public office, quo warranto is the only appropriate method of determining the question: Com. v. James, supra; see Com. v. Wherry, supra.

Upon this disposition of the case, it is unnecessary for us to consider the other questions argued by counsel.

The order of the court below is reversed and the petition is dismissed.