## Commonwealth ex rel. v. Davis

*Frank J. Williams* and *Arthur O. Kleeman*, for petitioner.

*F. M. Mackin*, for respondent.

COUGHLIN, J., February 1, 1936.—This is a quo warranto proceeding against David Davis, a resident of the Borough of Laurel Run and a borough councilman, appointed by members of the borough council. Appearance was entered by F. M. Mackin for respondent. On November 26, 1935, a rule was entered on him to plead to the petition. The petition, filed on November 4, 1935, avers that at the regular meeting date of the council, on August 6, 1935, it having been fixed for that day at 7:30 p.m., Joseph Casterline, Sr., Joseph Frank, Sr., and James Brennan, Sr., and no other members of the council of seven were present. The absentees were Peter Kearny, William Brush, Thomas Davis and Charles Dukes. The written resignation of Charles Dukes was presented and accepted by the three present. The three present elected David Davis, respondent, as a councilman for Dukes' unexpired term. Since August 6, 1935, said respondent, David Davis, has exercised the rights, powers and duties of the office.

An answer was filed on December 18, 1935, admitting that August 6, 1935, was the regular meeting time and that the three councilmen above named met, and with them Charles Dukes. The answer avers that Charles Dukes was present on August 6, 1935, at the meeting place, but does not say that he met with the three minority members. The answer admits the presence of the three, but denies the lack of a quorum, claiming that Peter Kearney, William Brush, and Thomas Davis had forfeited any rights by failing to function. The answer does not define particularly the functions failed to be performed, unless it is to be inferred that absence is equivalent to a forfeiture. The answer avers that Peter Kear-

ney, William Brush, and Thomas Davis had neglected to attend any meetings from May 1935 to September 1935, thereby abandoning and forfeiting their office, and admits that David Davis continued to function as councilman. A demurrer was filed on January 8, 1936. The demurrer seeks, as a matter of law, judgment for relator on facts admitted in the answer.

Hence we have, admittedly, a regular meeting of the Borough Council of Laurel Run, Luzerne County, Pa., fixed for Tuesday evening, August 6, 1935, at 7:30. Three councilmen were present out of the seven which constituted the board. Four members were absent. The three councilmen present accepted the written resignation of the fourth. The three councilmen elected the respondent to succeed the resigning member for the unexpired term. Respondent, so appointed, exercised the office, rights, and powers of a councilman of said borough.

The Act of June 14, 1836, P. L. 621, sec. 9, 12 PS §2029, provides that the defendant in such a writ shall answer, plead or demur to the suggestion filed. He may traverse all or any of the material facts, and, if so, those seeking the writ shall reply, take issue or demur. The act provides that the court shall make such orders from time to time in respect to such pleadings as shall expedite the decision of the cause.

The purpose of pleadings is to define the issue: Commonwealth ex rel. v. Taylor et al., 159 Pa. 451. In an action of quo warranto defendant must either disclaim or justify: Commonwealth ex rel. v. Heller et al., 31 Pa. C. C. 267. Defendant must set forth in his plea or answer, and establish by proof where necessary, such facts as show a valid title, or judgment of ouster will be rendered against him: Commonwealth ex rel. v. Hargest, 7 Pa. C. C. 333. A demurrer to an answer will be overruled when the facts averred in the answer, if true, entitle defendant to the office in question, and, of course, a demurrer will be sustained where the contrary is the case: Commonwealth ex rel. v. Jenkins, 6 Kulp 17. Where one

files a demurrer he admits the facts set forth in the pleading demurred from; this is true in quo warranto proceedings: Bentley v. Gillespie, 18 Del. Co. 571.

In the present case petitioner appeared in support of his demurrer, while counsel for respondent has not appeared. We shall dispose of the matter on facts admitted in the answer.

As disclosed by the answer, three members of the council, the absentees, "had forfeited any rights to the said office of councilman in the said borough, by surrendering their rights and refusing to function as provided in the Borough Code." The seats of the absentees were not declared vacant, nor any action taken thereon, nor any resolution concerning the same adopted, nor any hearing held nor any minute entered disclosing action.

The General Borough Act of May 4, 1927, P. L. 519, sec. 901, 53 PS §12871, provides:

"If any vacancy shall occur in the office of . . . member of council . . . by death, resignation, removal from the borough . . . or by failure or neglect to give bond as provided by law, or in any other manner whatsoever, the borough council shall fill such vacancy by appointing, by resolution, a qualified resident of the borough to such office for the unexpired term of the office."

Section 902 of said act provides:

"If the council of any borough shall refuse, fail, or neglect, or be unable for any reason whatsoever, to fill any vacancy, within thirty days after the vacancy happens, as provided by the preceding section, then the court of quarter sessions shall, upon petition of the burgess or council or five citizens, fill the vacancy in such office by the appointment of a qualified resident of the borough for the unexpired term of the office."

A court appointment has been held to be invalid where the same is not predicated upon a petition: Commonwealth ex rel. v. Chicalla, 22 Luz. L. R. 338. In other words, the statute must be followed.

The answer predicates the action of the three minority councilmen, appointing respondent in this case, upon the fact that the three absentees were not directors. They were elected as such. Under section 901, where directors have resigned or died, which is a fact certain and need not be established, the act provides for their appointment by resolution of the borough council, and if the borough council fails to act the vacancy is filled, under section 902, by the court. Section 901 provides also for a like filling in the event of removal from the borough or in addition, failure or neglect to give bond as required by law, or vacancy in any other manner. We call attention to the case of Williams' Appeal, 312 Pa. 477, where a councilman had removed, we believed, from the borough, and the council failed to fill the vacancy under section 901. We proceeded to fill the vacancy under section 902, believing that the vacancy in the office having been filled under that act, following petition of citizens, the question of title to the office could then be decided between contestants in quo warranto proceedings. The appellate court held that we had no right to fill the vacancy and that where a public officer is de facto exercising the functions of his office under color of right the proper and exclusive remedy to test his title to the office is forthwith by writ of quo warranto.

Such is the case with reference to these three absentee directors, and the fact that they were no longer councilmen had not been determined either by quo warranto, or by the council or the court under the statute. Hence when the three directors met, as hereinabove stated, they were a minority of the board.

The General Borough Act of 1927 has been amended by the Acts of May 18, 1933, P. L. 817, sec. 1, and July 18, 1935, P. L. 1208, sec. 1. The Act of 1935 added section 904 to the Act of 1927: See 53 PS §12874. It provides:

"If any person, elected or appointed as member of council, who has been notified of his election or appointment, shall refuse or neglect to qualify as such member of coun-

cil within ten days next succeeding the beginning of his term of office, the remaining members of the borough council may declare his office as member of council vacant."

The act further added section 905, as follows:

"If any person, having qualified as member of council, shall neglect or refuse to attend two successive regular meetings, unless detained by sickness, or prevented by necessary absence from the borough, or if, in attendance at any meetings, shall neglect or refuse to act in his official capacity as a member of council, the remaining members of the borough council may declare his office as member of council vacant."

No action has been taken by the council or the court. The law laid down in Williams' Appeal is applicable to this controverted question of fact, since the absentee councilmen act under color of right, and the proper and exclusive remedy to test their title to the office is by writ of quo warranto.

No doubt the resigning councilman had a right to resign, and having done so his place might have been filled by the borough council and, if they failed, by the court. But the borough council to fill the vacancy would, under the statute, be the remaining six. Three of them, constituting a minority, had no right to meet and appoint on the theory that a vacancy existed in the office of the absentees, thereby permitting them, the remaining members, to proceed to fill the vacancy. It seems clear they had no authority to do so.

We refer to the case of Commonwealth ex rel. v. Hill, 22 D. & C. 35 (1934), where it was held that 10 members of a borough council consisting of 20 councilmen do not constitute a quorum for a meeting, and a councilman elected to a vacancy at a meeting so held will therefore be ousted on writ of quo warranto. And further, while the deliberate and concerted action of certain members of a borough council in absenting themselves from council

meetings may subject them to the penalty of removal from office in proper proceedings, it cannot validate any business transacted at a council meeting at which less than a quorum are present.

In accordance with the above we, therefore, enter the following

### Decree

It is decreed that defendant, David Davis, has no authority or warrant to have, use and enjoy the office of councilman in the Borough of Laurel Run, Luzerne County, Pa., and the seat of the said David Davis, as a member of the said council of the Borough of Laurel Run, Luzerne County, Pa., is herewith declared vacant. Judgment is directed to be entered in favor of the Commonwealth as prayed for, ousting and altogether excluding said respondent, David Davis, from holding and exercising the said office of councilman of the Borough of Laurel Run, Luzerne County, Pa., respondent to pay the costs.