## Staib v. Davies

*Greevy & Greevy*, for plaintiff.

*Spencer W. Hill*, for defendant.

PER CURIAM, October 6, 1950.—This matter comes before the court on a case stated. It appears that in the Montgomery Borough election of 1949 V. G. Staib received the third highest number of votes for borough councilman and was issued a certificate of election by the county bureau of elections.

Mr. Staib took his oath of office and attempted to sit with council.

The Montgomery Borough Council, however, refused to allow Mr. Staib to sit as councilman, and in a motion passed at its meeting on January 9, 1950, declared his office on the council vacant, and elected Russell C. Davies, respondent in this case stated. Since that time Mr. Davies has exercised the office, rights and duties of a member of council.

The Montgomery Borough Council refused to seat Mr. Staib on the ground that he was ineligible by reason of not having been a registered elector in the Borough of Montgomery at the time of filing his nomination petition and at the time of the general election. He did, however, prior to the time when he was supposed to take office, become a registered elector of the Borough of Montgomery.

The Act of May 4, 1927, P. L. 519, sec. 801, as amended by the Act of July 10, 1947, P. L. 1621, sec. 11, reads as follows:

"Registered electors of the borough only shall be eligible to elective borough offices."

The only question is as to whether or not Mr. Staib had to be a registered elector at the time of the election. If the section of the act quoted above means that he had to be registered at the time of the election, then he is ineligible for the council. If, however, it means that he only had to be registered at the time he took office,

then he is eligible, as he registered before the time when he could legally be seated.

The weight of authority appears to be that where the word eligibility is used in connection with an office and there are not explanatory words indicating that such word is used with reference to the time of election, it has reference to the qualification to hold office, rather than the qualification to be elected to the office. Hence a disqualification existing at the time of election may be removed before induction into office or before the term of office to which said person is elected begins. Hence, any person who can qualify himself to take and hold an office is eligible to it, although he was under some disability on the day of election: 22 Ruling Case Law 402, sec. 43. See 143 A. L. R. 1027.

In Mosby et al. v. Armstrong et al., 290 Pa. 517, it was held that where the word "eligibility" is used in connection with an officer, and there are no explanatory words indicating that such word is used with reference to the time of election, it has reference to the qualification to hold the office, rather than the qualification to be elected to the office. It was pointed out in this case that if the legislature intended to provide as to eligibility to be elected to office, instead of eligibility to hold office, it could have accomplished this by employing plain words. It was also pointed out that certain acts of the legislature did provide that persons holding certain other positions therein named should not be "eligible to election".

In Commonwealth ex rel. v. Roblyer, 17 D. & C. 729, the court said the qualification in the General Township Act referred to the term of office, and not as to being eligible to election for the term of office. The act reads as follows:

"No person shall be eligible to any office in any township of the second class unless he is an elector of the township for which he is chosen."

A number of cases have been cited by respondent in his argument that petitioner, V. G. Staib, is ineligible to take office. In Commonwealth v. Lally, 10 Philadelphia Reports, 507, it was decided that one who was eligible at the time of election, but afterward became a nonresident, would be ineligible to hold office: Commonwealth ex rel. v. James, 214 Pa. 319, held that when there was no vacancy at the time of election, such election was a nullity, a later vacancy conferring no rights on the one supposedly elected. Other cases cited seem to be overruled by Mosby et al. v. Armstrong, supra.

We are of the opinion the cases cited by respondent do not apply to the question before us.

We realize that a distinction is made between cases involving fundamental prior qualifications, and cases dealing with incompatible offices. We feel, however, that the whole question of the date at which a qualification must be possessed is to be determined by the statutory provision prescribing it, and in the instant case it is our opinion that the statutory provision does not make it necessary for Mr. Staib to be a qualified elector at the time of the election.

Although there are two lines of thought on this matter, we have come to this conclusion only after a thorough investigation of the question.

We, therefore, conclude that there was no vacancy in the office of councilman of Montgomery, that Russell C. Davies should be excluded from said office, and that V. G. Staib should be allowed to sit, upon presenting his proper credentials.

### Judgment and Decree

And now, October 6, 1950, judgment is entered in favor of V. G. Staib, and the Council of the Borough of Montgomery is directed to allow him to sit as a member of such council. Costs on defendant.