## In re Carter

*Michael P. Shehadi,* for petitioners.

*Frank J. McDonnell,* for respondent.

EAGEN, J., December 6, 1950.—This action, instituted by petition and rule, seeks to declare respondent's office of school director in the Borough of Throop vacant because of nonresidence. We are here concerned with a motion to dismiss the proceedings alleging the lack of jurisdiction.

Undoubtedly, only a resident of the district may serve in the office of school director. However, it does

appear that the proper and exclusive remedy to oust one from such office for nonresidence is an action of quo warranto. This is the proper action to try title to public office: Williams' Appeal, 312 Pa. 477 and Driskel et al. v. O'Connor et al., 339 Pa. 556. In the former case, it was said:

"It is admitted that appellant was duly elected, and has at all times asserted his right to the office. Under circumstances such as these, where a public officer is de facto exercising the functions of his office under color of right, we have repeatedly held that the proper remedy to test his title is by writ of quo warranto, which is not only adequate but exclusive . . . (Citations). This is an attempt to remove an elected officer, who continues to assert his right to the office, in a manner other than that provided by law. It cannot succeed. . . . Since the sole matter involved is the right to hold a public office, quo warranto is the only appropriate method of determining the question."

The School Code of March 10, 1949, P. L. 30, sec. 318, does provide that a petition for ouster, such as we have here, may be presented under certain circumstances, i. e., where the school directors refuse to organize or where a school director refuses or fails to perform any duty imposed upon him by the code. We do not believe that the allegation of nonresidence fits in either category. No case has been called to our attention which sustains any such conclusion.

Therefore, December 6, 1950, the petition to oust is dismissed and the rule to show cause discharged without prejudice to the right of petitioners to prosecute an action of quo warranto.