## Christiansen Petition

*Peter J. Nolan,* for petitioner.
*Edward S. Lawhorne,* for Borough of Norwood.

TOAL, J., December 20, 1960.—William Tozer was elected Burgess of the Borough of Norwood for a term of four years from the first Monday of January 1958. He duly qualified and assumed his duties. He attended a regular meeting of borough council on April 13, 1960, and thereafter failed to attend the next regular meeting on May 11, 1960, nor did he attend the next regular meeting on June 8, 1960. At both the May and June meetings, the minutes of council showed that he was absent. Following the regular meeting of June 8, 1960, borough council immediately went into a special meeting and by appropriate resolutions, duly adopted, declared that a vacancy in the office of burgess existed and then filled the said vacancy by the appointment of one William Gardiner.

A petition was filed on June 1, 1960, with this court for the appointment of one Paul Christiansen to the office of burgess, averring that a vacancy existed in said office. The Borough of Norwood was permitted to intervene in this matter and filed an answer to the said petition, averring that no vacancy had existed when the said petition was filed and that the vacancy occurred on June 8, 1960, when borough council recognized it by a formal resolution and had forthwith filled said

vacancy by a formal resolution appointing William Gardiner as Burgess.

The answer which was filed by the intervenor sets up a factual situation which denies the existence of a vacancy in the office of burgess on the date that the petition was filed, to wit, June 1, 1960. It further avers that no vacancy existed until borough council had so declared by formal resolution on June 8, 1960, and that on said June 8, 1960, borough council had, by formal resolution, appointed one William Gardiner as burgess.

Borough council acted under authority of section 905 of The Borough Code of May 4, 1927, P. L. 519, as amended, 53 PS §45905, which reads as follows:

"If any person, having qualified as a member of council or burgess, shall neglect or refuse to attend two successive regular meetings, unless detained by sickness, or prevented by necessary absence from the borough . . . the borough council . . . may declare his office as a member of council or burgess vacant, and may fill such vacancy as provided in section nine hundred one of this act . . ."

Section 901, 53 PS §45901, provides:

"If any vacancy shall occur in the office of burgess . . . by death, resignation, removal from the borough, . . . or in any other manner whatsoever, the borough council shall fill such vacancy by appointing, by resolution, a registered elector of ·the borough, . . . to hold such office for the unexpired term of the office . . . If the council of any borough shall refuse, fail or neglect, or be unable, for any reason whatsoever, to fill any vacancy within thirty days after the vacancy happens, as provided in this section, then the court of quarter sessions shall, upon petition of . . . five citizens, fill the vacancy in such office by the appointment of a qualified resident of the borough for the unexpired term of the office."

On June 22, 1960, William Gardiner, the person who was appointed burgess by the action of council on June 8, 1960, was served by a complaint in quo warranto and an answer has been filed thereto.

The matter concerning the petition for appointment of a burgess was heard by this court on June 24, 1960, and testimony was taken. No phase of the quo warranto proceedings has been before the court.

The petition in this case avers that the vacancy occurred on April 14, 1960, because that is the date on which William Tozer appears to have deserted his wife and family and is said to have gone off with another woman who was a resident of Norwood and who is said to have disappeared on this date. It is also a matter of record that George Cale, Jr., president of borough council, began acting as burgess on April 15, 1960, and continued to so act until June 8, 1960, when council, having declared that a vacancy existed, made an appointment.

The theory of the petitioners is that Tozer, having left the borough on April 14, 1960, and it appearing he had no intention of returning to again take up his residence in the borough, this must be the date upon which he vacated his office of burgess. Further, that the 30 days time in which borough council had the permissive authority to declare a vacancy and make an appointment started to run on April 15, 1960; that said 30 days time expired on May 15, 1960, and, as a petition was filed in the court on June 1, 1960, and, before council had acted under section 901, supra, to make an appointment, it was now foreclosed from acting as the court of quarter sessions assumed exclusive jurisdiction.

This theory omits one extremely important fact, namely, that the said Tozer could have changed his mind and returned to the borough up until the regular meeting of council on June 8, 1960. Had he thus re-

turned and attended the meeting, no vacancy in his office of burgess could have been declared.

Petitioners acted under section 901, supra, on the assumption that a vacancy existed in the office of burgess at the time the petition was filed in court. Actually, no such vacancy existed on June 1, 1960, the date of the filing of the petition, and did not occur until June 8, 1960, when council declared the vacancy to exist under section 905, supra.

It cannot be declared that if council was correct in acting under section 905, supra, that it did not do so promptly. After Tozer failed to attend two successive regular meetings without valid excuse, council immediately acted. Petitioners rely upon the case of Commonwealth ex rel. Fortney v. Wozney, 326 Pa. 494, for the proposition that once a petition has been filed in court, then the court's jurisdiction is exclusive. This case is not in point as the facts indicated that a vacancy clearly existed and the problem arose out of a tie vote wherein three of five members of council voted to appoint a person to fill the vacancy. The burgess, who was present, voted with the opposing two, thus creating an apparent tie vote. The appellate court ruled that the vote of the burgess was a nullity and sustained the appointment. The court ruled also that the act of assembly does not impose an arbitrary time limit on action by the council of a borough to fill a vacancy, and the council has power to fill a vacancy after the expiration of the 30-day period, until application is made to the court to fill the vacancy. The provisions of a statute requiring public officers to act within a specified time are generally regarded as merely directory, unless time is of the essence or the statute indicates that provision is to be regarded as mandatory.

The council having made an appointment in accordance with the provisions of the statute, we are of the

opinion that an attack on the holder of the office of burgess can only be made by an action in quo warranto. The facts of the case, on their face, indicate that at present there is no vacancy in the office of burgess. Where the question of a vacancy in office is in dispute it cannot be adjudicated under a petition for an appointment to an office but must be determined only in a quo warranto proceeding. See the case of Williams' Appeal, 312 Pa. 477, 479, where the Pennsylvania Supreme Court said:

"The General Borough Act makes no provision for the determination of a vacancy where it is a matter of dispute, and the existence of such a vacancy is, of course, a prerequisite to the making of an appointment. Consequently, this question must be determined according to established forms of procedure. Since the sole matter involved is the right to hold a public office, quo warranto is the only appropriate method of determining the question."

We are of the opinion that the petition in the instant case must be dismissed. Accordingly we make the following:

### Order

And now, December 20, 1960, a petition for the appointment of one Paul E. Christiansen to the office of Burgess of the Borough of Norwood having been filed with the court and an answer thereto having been filed denying that a vacancy existed in said office; and a hearing having been held at which testimony was taken, now therefore it is ordered and decreed as follows:

1. That the said petition be and it is hereby dismissed; and

2. That the costs of the case be paid by petitioners; and

3. That an exception be granted to petitioners to the ruling made herein.