## Penz v. Stowe Township School Board

*John B. Nicklas*, for plaintiff.

*Bresci R. P. Leonard*, for defendant.

WESSEL, J., December 31, 1965.—This matter is before the court on plaintiff's complaint in mandamus wherein plaintiff asked the court to declare null and void a resolution of the School District of Stowe Township, adopted December 6, 1965.

Plaintiff, Leo E. Penz, is a citizen of Pennsylvania, of good moral character, over 21 years of age, and has been a resident of Stowe Township for a period in excess of one year prior to the date of his appointment to the office of School Director of the School District of Stowe Township.

Penz was originally appointed a School Director of Stowe Township School District and stood for election in November of that year, and was elected to a six-year term. He served as such until December 18, 1963, when he resigned his office and was appointed by the Stowe Township School Board to fill the unexpired term of one Joseph Patrowsky, who had been elected to the Board of Commissioners of Stowe Township. The unexpired term to which Penz was appointed expires the first Monday of December 1967: Public School Code of March 10, 1949, P. L. 30, secs. 304 and 315, 24 PS §§3-304, 3-315.

At the organization meeting of the Stowe Township School Board held December 6, 1965, the Stowe Township School Board passed a resolution declaring plaintiff's position as a school board director vacant, alleging that he was an assessor for the Allegheny County Board of Property Assessment, Appeals and Review and, therefore, not eligible under section 322 of the Public School Code of 1949.

Stowe Township School District is a school district

of the third class, and at the time this action was instituted its school board members were as follows: Nick Dalesandro, president, Charles DeVecchio, Steve Halupa, Clement G. Cole, Steve Muha, and plaintiff, Leo E. Penz. A vacancy in the seventh directorship by reason of the election of one Cosnek, who resigned by virtue of being appointed a township commissioner, has not been filled.

Plaintiff, as of the date of the passage of the resolution of December 6, 1965, was, and still is, employed by the Allegheny County Board of Property Assessment, Appeals and Review, a second class county, as a subordinate assessor, pursuant to the Act of June 21, 1939, P. L. 626, sec. 2, 72 PS §5452.2. His duties as a subordinate assessor are not concerned in any way with the assessment of property in Stowe Township.

On June 8, 1965, pursuant to a request from Emil R. Pecori, who was then School Board Solicitor for the Stowe Township School Board, John P. McCord, Deputy Attorney General of Pennsylvania, rendered an opinion relative to whether or not a subordinate assessor in Allegheny County constitutes an incompatible office or ineligibility to serve as a school board director under section 322 of the Public School Code. This opinion is attached, as exhibit "B", to the complaint in mandamus.

At the reorganization meeting of the Stowe Township School Board on December 6, 1965, Bresci R. P. Leonard was retained as solicitor by the school board in place of Mr. Pecori.

A special meeting of the school board was called for December 14, 1965, for the purpose, inter alia, of electing a successor to fill the office of plaintiff Penz declared vacant by the December 6 resolution, by appointing a successor. Prior to said meeting on December 14, this court granted a rule to show cause why Leo E. Penz should be removed from the school board and a successor appointed, all proceedings to appoint a successor,

in the meantime, to stay. Plaintiff Penz received no notice of any kind to attend this special meeting but, nevertheless, did attend and was informed by the chairman of the meeting that he was not permitted to sit at the table with the other school board members since he was no longer recognized as a member of the board. In deference to the stay order of this court, no attempt was made by the Stowe Township School Board to fill plaintiff's vacancy, but the board did retain an architect and denied plaintiff Penz any voice in the proceedings.

Plaintiff by this action seeks a writ of mandamus:

(a) Declaring the board's resolution of December 6, 1965, irregular and null and void;

(b) In calling the special meeting of the board on December 14, 1965, to appoint a successor to fill plaintiff's directorship on the board, irregular and of no effect;

(c) To declare plaintiff Penz eligible and duly qualified to serve as a School Director of the Stowe Township School Board under the Public School Code, and the office of subordinate assessor pursuant to section 2 of the Act of June 21, 1939, P. L. 626, 72 PS §5452.2, as not incompatible with section 322 of the Public School Code of Pennsylvania.

## DISCUSSION

A subordinate assessor hired by the Board of Property Assessment, Appeals and Review of Allegheny County, a second class county, is not prohibited from serving as a school director by section 322 of the Public School Code of 1949, as amended, 24 PS §3-322.

Section 322 of the Public School Code of 1949, 24 PS §3-322, bears the caption "Eligibility; Incompatible Offices", and provides:

"Any citizen of this Commonwealth, having a good moral character, being twenty-one (21) years of age or upwards, and having been a resident of the district

for at least one (1) year prior to the date of his election or appointment, shall be eligible to the office of school director therein: Provided, That any person holding any office or position of profit under the government of any city of the first class, or the office of mayor, chief burgess, county commissioner, district attorney, city, borough, or township treasurer, member of council in any municipality, township commissioner, road supervisor, tax collector, assessor, assistant assessor, any comptroller. . . . shall not be eligible as a school director in this Commonwealth".

The list of ineligible officeholders listed in section 322 numbers 20. Said section does not list subordinate assessor or special assessor, but only specifies assessor and assistant assessor.

We must, therefore, turn to The General County Assessment Law of May 22, 1933, P. L. 853, sec. 102, 72 PS §5020-102, to ascertain the definitions of "assessor" and "assistant assessor":

" 'Assessors' and 'elected assessors' shall mean the assessors for county tax purposes elected in wards, boroughs, towns and townships in counties of the fourth, fifth, sixth, seventh and eighth classes.

" 'Appointed assessors' shall mean the assessors appointed by the board of revision of taxes in counties of the first class, and the subordinate assessors appointed by the board for the assessment and revision of taxes in counties of the *second* and third classes.

". . .

" 'Board for the assessment and revision of taxes' shall mean the board for the assessment and revision of taxes in counties of the *second* and third classes". (Italics supplied.)

From the foregoing definitions, it is quite clear that The General County Assessment Law makes a distinction between assessors who are *elected* and appointed assessors who are *not elected* but rather are appointed

or hired by boards of revision of taxes in counties of the first and second class. By definition, "subordinate assessors" are clearly distinguished from elected assessors and refer in the County Assessment Law to those subordinate assessors appointed by the boards for the assessment and revision of taxes in counties of the second and third class.

To further emphasize the distinction, section 301 of The General County Assessment Law, 72 PS §5020-301, the title of which is "Election of Assessors", provides:

"The qualified voters of each ward in cities of the third class shall, at the municipal election in the year one thousand nine hundred and thirty five, and every four years thereafter, vote for and elect a properly qualified person, according to law, to act as county assessor in each of said wards under the provisions of this act, who shall serve for four years. . . .

"This section does not apply in counties of the first, second and third classes where assessors, under existing law, are appointed".

The board for the assessment and revision of taxes in Allegheny County, a second class county, is known as "Board of Property Assessment, Appeals and Review": Act of June 21, 1939, P. L. 626, sec. 1—72 PS §5452.1.

Section 3 of the same act authorizes said board to "appoint to serve at its pleasure, such number of *subordinate* and *special* assessors and such number of clerks, stenographers and other employes as the board shall deem requisite". (Italics supplied.)

A reading of the act makes it quite clear that the subordinate and special assessors so hired as employes by the Board of Property Assessment, Appeals and Review in Allegheny County do the field work under the direction of the members of the board, but have no power or authority to assess; that power rests with the board under section 4 of the act: 72 PS §5452.4:

"The Board of Property Assessment, Appeals and Review shall have power and its duty shall be:

"(a) To make and supervise the making of all assessments and valuations of all subjects of taxation in the county as required by existing law".

The mere fact that an employe such as a subordinate or special assessor inspects properties, takes measurements and submits data to the board, does not shift the legal responsibility for making the assessment from the members of the board of property assessment, appeals and review, appointed by the county commissioners. See Jermyn v. City of Scranton, 186 Pa. 595.

In Commonwealth ex rel. v. Moore, 25 D. & C. 687 (Common Pleas of Jefferson County), the court was called upon to construe section 207 of the School Code of 1911, as amended, the language of which is exactly the same as section 322 of the 1949 Public School Code. The proceeding raised the objection to the eligibility of a school director who was also an election officer. In overruling the objection, the court held, at page 693:

"It would seem, then, that the legislature had in mind very particularly this question of incompatibility, and mention of all the proscribed offices must be held to exclude those not so listed. The office of election officer is not listed in this latter class".

Similar to the fact situation here, where defendant school board attempts to classify plaintiff Penz as the holder of an incompatible office similar to an elected assessor, where, in fact, he is but merely a field representative or employe of the Board of Property Assessment, Appeals and Review, the Court of Common Pleas of Northumberland County, in Kurtz v. Steinhart, 60 D. & C. 345, held that, although the offices of school director and deputy tax collector may be incompatible, there is nothing to prevent a school director from holding a clerical position in a tax collector's office. The court, at page 358, analyzed section 207 of

the School Code of May 18, 1911, P. L. 309, stating that, since the legislature enumerated some 22 offices, elective and appointive, it had in mind the particular question of incompatibility, and, therefore, the offices not mentioned could not be held as incompatible. To the same effect, see Commonwealth ex rel. v. Moore, supra.

Again, in Anson v. County of Montgomery, 71 Pa. Superior Ct. 225, the Pennsylvania Superior Court reversed the lower court and decided that a clerk or transcriber in the office of Recorder of Deeds of Montgomery County, holding his position by appointment of that office, was not ineligible to act as an *elected assessor* in Worcester Township in the same county. The opinion points up, as here, the distinction between a mere employe holding his position by appointment and revocable at the pleasure of the employer.

We are compelled to conclude that the plain words of section 322 of the Public School Code are controlling. As stated in Commonwealth ex rel. Orban v. Berkey, 75 D. & C. 353 (Somerset County), a common pleas court is without authority to declare two offices incompatible if the legislature has never declared the offices to be incompatible. The court accordingly refused to issue a writ of quo warranto to determine whether or not the offices of borough councilman and constable were incompatible.

The case of Commonwealth ex rel. Fox v. Swing, 409 Pa. 241, 186 A. 2d 24, involved an action in quo warranto against defendant who held the offices of county treasurer and county commissioner. Said action was based on the ground that the duties and responsibilities were incompatible and the positions were illegally held. The Supreme Court held that any inherent power at common law of the courts to determine what offices were incompatible was completely abrogated by the constitutional provision contained in article 12, sec. 2, whereby the General Assembly may by law declare

what offices are incompatible. The courts may not legislate or by interpretation add to legislation matters which the legislature saw fit not to include. The court cites the case of Commonwealth ex rel. Franek v. Schermer, 311 Pa. 341, at page 347, and 116 Atl. 878, at page 880, where it is stated as follows:

"Inasmuch as the Constitution has provided a method of declaring what offices are incompatible, thereby announcing the public policy of this State in regard thereto, the courts are not permitted to hold offices incompatible merely because the Legislature has failed to act, even though other states may have held such offices incompatible where the duties of one conflict with those of the other. The Legislature of this Commonwealth has determined in several instances certain offices to be incompatible, and it would be a transgression of the power of this court to hold the offices of Mayor and Justice of the Peace incompatible when the Legislature has not seen fit to act in the matter".

We conclude, therefore, since the legislature has not declared the offices of school director and subordinate or special assessor incompatible, that section 322 of the code is inapplicable as a basis to declare plaintiff Penz ineligible. Accordingly, it follows that the resolution of the Stowe Township School Board of December 6, 1965, must be declared null and void.

The ex parte summary procedure attempted by the Stowe Township School Board was clearly null and void. In Carroll Township School Board Vacancy Case, 407 Pa. 156, 180 A. 2d 16, April 17, 1962, the court (Musmanno, J.) held that quo warranto was the proper means of testing the right of a member of a school board to continue to hold office when such member was still asserting his right to continue to hold office and the school board had not declared a vacancy, and that a vacancy could not be declared through the ex parte proceedings on petition by taxpayers. The decision dis-

cusses sections 319 and 315 of the Public School Code, but concludes that the remedy available under section 315 of the code cannot be asserted where the right to hold the office alleged to be vacant is still being asserted by one admittedly duly elected to it, citing Sewickley Township School District's Appeal, 327 Pa. 396. In the latter case, the court said:

" 'The remedy available to taxpayers under Section 214 of the School Code, supra, cannot be asserted for the purpose of testing the right of de facto incumbents to occupy a public office, for this would result in a trial of their title to the office in a proceeding to which they are not parties. That quo warranto is the only action to try title to a public office was fully discussed in Com. ex rel. District Attorney et al. v. Gibson, 316 Pa. 429, 175 A. 398. . . . This holding was recently approved in Brinton et al. v. Kerr, 320 Pa. 62 where stated at page 64: ". . . we again announce as a definite rule that 'the exclusive remedy [to try the title to office] is by an action of quo warranto' " ' ".

Justice Musmanno concludes the opinion with this statement:

" 'Since the sole matter involved is the right to hold a public office, quo warranto is the only appropriate method of determining the question: Com. v. James (214 Pa. 319, 63 A. 743), supra; see Com. v. Wherry (302 Pa. 134, 152 A. 846), supra' ".

The case of Dando v. Lord, 71 D. & C. 370 (1950), involved an action of mandamus wherein plaintiff alleged he was a duly elected school director and was wrongfully ousted by resolution of the school board. The reasoning of the school board was that plaintiff was not qualified for reasons set forth in the Constitution of the Commonwealth of Pennsylvania. The court held that the qualifications of a duly elected school director to hold office can be tested only by quo warranto at the suit of the Attorney General, the dis-

trict attorney, or an adverse claimant to the office. At page 373, the court states:

"The authorities in point are all directly to the contrary, and are to the effect that school directors have no power to pass upon the qualifications of their fellows to the office to which they are regularly elected, and cannot refuse to seat such members on the ground that they lack the necessary qualifications. (citing cases). The question must be raised by quo warranto at the suit of a competent relator. (citing cases)".

The court continuing, on page 373, stated:

"One who has not been entrusted with the right to pass upon the qualifications of a public officer may not set up the officer's alleged disqualification as a defense to a mandamus action brought by such officer: Commonwealth ex rel. Shoemaker v. Thomas et al., 328 Pa. 19".

The court also cites the case of Commonwealth ex rel. v. Brady, 38 D. & C. 107, at page 112, where it is stated:

" 'They declared this office vacant. In that, they exercised nothing more nor less than a judicial function. As such, it was wholly abortive unless it is for them to pass upon the qualifications of their members. If that be one of their powers it must be found in some statute; and admittedly there is none' ".

### Conclusion

In consideration of the testimony adduced at the trial, the exhibits, counsel's arguments and briefs, and in view of the law and court decisions, supra, we are drawn to the conclusion that plaintiff, Leo E. Penz, is not barred from holding office as a School Director of Stowe Township; and that the procedure by which the school board attempted to oust plaintiff from office is clearly invalid and abortive; and that plaintiff's remedy to force the School Board of Stowe Township to cease

and desist from interfering with his rights as a school director is clearly by mandamus.

### ORDER OF COURT

And now, December 31, 1965, upon consideration of the testimony, briefs, argument of counsel, and for the reasons aforesaid, it is hereby ordered, adjudged and decreed that the resolution of the School Board of the School District of the Township of Stowe, dated December 6, 1965, is irregular and null and void; that the special meeting of the board, called for December 14, 1965, to appoint a successor to fill plaintiff's directorship on the board, is irregular and of no effect.

It is further decreed that plaintiff, Leo E. Penz, is eligible and duly qualified to serve as a School Director of the Stowe Township School Board under the Public School Code, and the office of subordinate assessor pursuant to section 2 of the Act of June 21, 1939, P. L. 626, 72 PS §5452.2, is not incompatible with section 322 of the Public School Code of Pennsylvania.

It is further ordered that Leo E. Penz be reinstated to the board forthwith, with all the rights and privileges accorded a duly qualified, elected or appointed member of the board.