# Commonwealth *ex rel.* The Attorney-General *versus* Walter.

1. Under art. 8, sect. 9 of the Constitution, a writ of quo warranto may issue against a public officer for bribery, fraud or the wilful violation of any election law, without a preliminary conviction for the offence in the Quarter Sessions; and the question whether the offence was committed may be tried in the proceedings under the quo warranto.

2. It is a well-settled rule of practice that when the Commonwealth, through her attorney-general, applies for a writ of quo warranto, she is entitled to it without a previous rule to show cause.

November 16th 1876.  Before AGNEW, C. J., SHARSWOOD, GORDON, PAXSON, and WOODWARD, JJ.  WILLIAMS and MERCUR, JJ., absent.

Error to the Court of Common Pleas of *Butler county :* Of October and November Term 1876, No. 241.

The facts of the case appear in the opinion of the court. The decree of the court below (Bredin, P. J.), to which this writ of error was taken, was as follows :—

" 1876, May 6th, after hearing the court is of opinion that defendant should be legally adjudged guilty of the crimes charged in the information before proceedings can be instituted to remove him from office, and, therefore, discharge the rule, but at request of attorney for Commonwealth do direct the writ to issue *pro forma* as of date of rule to show cause, and do enter judgment quashing the writ."

The error assigned was the quashing of the writ by the court below.

*The Attorney-General* and *S. H. Piersol* (*T. Robinson* with them), for the Commonwealth.—The ground taken by the court below leads to one of these conclusions, either that the prerogative of inquiring by what authority officers hold their office is not vested

[Commonwealth *v.* Walter.]

in the attorney-general, but in the Court of Quarter Sessions, backed by the optional removing power of the governor, or that two trials and two condemnations are necessary for the same offence; the one as a preliminary proceeding in the Quarter Sessions, the other by quo warranto in the Common Pleas. If such were the law the term of office would expire before the proceedings under the quo warranto came to an end.

Conviction is unnecessary to give jurisdiction : Commonwealth *v.* Allen, 20 P. F. Smith 465. It was not an essential preliminary at common law.

The use of the word "convicted" in the same clause of the Constitution shows that the word "guilty" does not mean "adjudged guilty."

The defendant could have all of his constitutional rights under these proceedings : D'Eu *v.* Murray, 18 Howard 272.

The Commonwealth has right to be allowed to enforce her rights in such a case as this without being driven into the criminal courts as a private prosecutor.

*John N. Purviance (Charles McCandless, J. M. Thompson* and *L. Z. Mitchell* with him), *contrà.*—The question of the defendant's guilt can only be tried in the Quarter Sessions, under the rules in force for the trial of criminal cases. Otherwise we might have the anomaly of a conviction in these proceedings and an acquittal in the criminal courts.

Mr. Justice PAXSON delivered the opinion of the court, November 24th 1876.

This was a writ of quo warranto issued at the relation of the attorney-general against the defendant, requiring him to show by what warrant he claims to have, use, exercise and enjoy the office of high sheriff of Butler county. The information charges that the said defendant was a candidate for said office in the year 1875 ; that he was returned as elected at the general election held in November of that year; that while the said defendant was a candidate for said office, he "was wilfully and corruptly guilty of bribery, fraud and the wilful violation of the election laws of this Commonwealth." The information then proceeds to charge specific acts of violation of the election laws, and the further offence of perjury in taking the oath of office. An answer was filed by the defendant, in which the charges set forth in the information are specifically denied. All this took place upon a rule to show cause why the writ of quo warranto should not go out. The learned judge of the court below was of opinion that the case was not one in which the writ should issue, and discharged the rule, yet on the request of the counsel for the Commonwealth directed the writ to be issued *pro forma,* and immediately quashed it.

[Commonwealth v. Walter.]

It is proper to remark as a matter of practice, that when the Commonwealth through her attorney-general applies for a writ of quo warranto, she is entitled to it without a previous rule to show cause. It is not to be presumed that the law officer of the Commonwealth would apply for this high prerogative writ for personal or private ends. He is supposed to be impartial, and to seek only the vindication of the rights of the state. It is not so in the case of a private relator, who is usually put to his rule to show cause. It might not be so where the attorney-general merely allows private counsel to use his name, as is sometimes done to procure the writ. But when the attorney-general or his recognised deputy assumes the responsibility the writ should issue in the first instance.

Under the Act of June 14th 1836, the writ of quo warranto is the appropriate remedy where any person shall usurp, intrude into or unlawfully hold or exercise any county or township office within the respective county; or where any person, duly elected to any such office, shall have done, suffered or omitted to do any act, matter or thing whereby a forfeiture of his office shall be created. It is not pretended that we have any statute which declares a forfeiture of either of the offices aforesaid by reason of any of the acts charged in the information. But the 9th section of the 8th article of the Constitution provides that "any person who shall, while a candidate for office, be guilty of bribery, fraud or wilful violation of any election law, shall be for ever disqualified from holding any office of trust or profit in this Commonwealth; and any person convicted of wilful violation of the election laws shall, in addition to any penalties provided by law, be deprived of the right of suffrage absolutely for a term of four years." The object of this provision in our fundamental law is manifest. The frequency and extent of election frauds were beginning to awaken serious apprehension for the future unless promptly checked. A fraud upon the ballot is a crime against the nation. Hence it was that the framers of the Constitution sought to arrest the evil by embodying in the fundamental law the provision referred to. It is our duty to give it such a construction as will carry out the intent apparent on its face, and the object which the people had in adopting it.

It will be seen that by the express and clear language of the section, any person who shall while a candidate for office, be guilty of any of the prohibited acts, is *ipso facto* for ever thereafter disqualified from holding any office of trust or profit in the Commonwealth. It follows that if this defendant while a candidate for the office of high sheriff of Butler county, was guilty of "bribery, fraud, or a wilful violation of any election law," he is for ever disqualified from holding his present office, or any other of trust or profit.

We have here an allegation on the part of the Commonwealth of the existence of certain facts which, if true, amount to a disqualification. Whether the defendant has committed the alleged acts would

[Commonwealth *v.* Walter.]

seem to be a proper subject of inquiry upon a quo warranto. But it was urged on behalf of the defendant, that it was not the doing of the prohihited acts which disqualified, but the being guilty of them ; that such guilt could only be legally ascertained by a criminal prosecution in the Quarter Sessions where the defendant would be tried by a jury of his peers. This was substantially the ground upon which the court below quashed the writ.

We are to presume that the framers of the Constitution used the word " guilty " in its ordinary or popular signification. That they had in view the distinction between being guilty of an offence, and being convicted of an offence is clear, from their employing both words in the section referred to. In the concluding paragraph thereof they say " any person *convicted* of wilful violation of the election laws shall, in addition to any penalties provided by law, be deprived of the right of suffrage absolutely, for a term of four years." The word " guilty " is defined by our best lexicographers to mean " having guilt ; justly chargeable with a crime ; not innocent ; criminal." Hence we say that a man is guilty of an offence when he has committed such offence. We say he has been convicted of an offence when he has been found guilty by the verdict of a jury. We need not elaborate so plain a proposition. But it was strongly urged on behalf of the defendant that great injustice would be done him if the question of his guilt was not first settled in the Quarter Sessions ; that he is really charged with crime, and of such a nature as to blacken his reputation. We do not see the hardship. There are but two roads. The one leads to the penitentiary in case of conviction, the other merely to a disqualification from holding office. If we send him upon the latter path, surely he has no just cause of complaint. It is his right to have the issues of fact raised upon the quo warranto tried by a jury. He has therefore a trial by his peers in the latter proceeding. An adverse verdict deprives him of neither life, liberty nor property. It merely prevents his holding an office which he would have no right to hold by reason of disqualifying acts committed by himself. The effect of requiring a previous conviction in the Quarter Sessions would be to give the defendant two jury trials ; for such conviction could not deprive him of his right to a jury trial in the quo warranto. So that by the time the Commonwealth had followed the defendant to the end of his sinuous path the contest might become of little real importance, and the victory, if obtained, a barren one. The construction claimed for this section of the Constitution, if adopted, would render the said section of little practical value.

We do not see any sufficient reason why the questions of fact raised in this proceeding should not be settled as such issues are usually determined in cases of quo warranto.

> The order of the court below quashing the writ of quo warranto is reversed and set aside, and a *procedendo* awarded.