Healey's Appeal.

Argued October 11, 1935. Before FRAZER, C. J., KEP-HART, SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

J. *Julius Levy*, with him *Otto P. Robinson*, for appellant.

*Stanley F. Coar*, for appellee.

OPINION BY MR. CHIEF JUSTICE FRAZER, November 25, 1935:

This case was argued before us on October 11, 1935. Inasmuch as it was imperative that a speedy disposition of the matter be made, on October 14, 1935, an order was filed dismissing the appeal. The following opinion states our reasons for so doing.

At the primary election held September 17, 1935, in Lackawanna County, candidates for county commissioner were voted for. The computation of the return board, as to the total votes obtained by the leading candidates, indicated that Michael F. Lawler received 18,-320 votes, William J. Geiger, 10,678 votes and John F. Healey, 10,577 votes. Appellant presented a petition under the Act of May 29, 1935, P. L. 246, to the return board, composed of two judges of the court of common pleas, asking that body to exclude the poll of the Second Ward of the Borough of Mayfield, for the reason "that the total number of partisan votes returned for the several candidates for the office of county commissioner on the Democratic ticket is 76 in excess of the total number of persons belonging to that party who voted in said district." The petition further averred that the excess consisted of 76 electors whose registration enrollment was changed from "Republican" to "Democrat" by the election board on the day of the primary and who were permitted or compelled to vote for the candidate of the Democratic party.

A hearing was held and testimony taken on the charges alleged in the petition. Subsequently, the petition was dismissed for the reason, stated in the court's opinion, that "the evidence is not sufficiently conclusive to warrant disfranchising the voters of the district." From that order an appeal was taken to this court by John F. Healey.

The Act of 1935, under which these proceedings were had, does not authorize an appeal to this court from a decision of a return board consisting of a judge or judges of the court of common pleas. The matter is accordingly before us as if upon certiorari, and in such cases "we will not . . . weigh the evidence nor in other respects substitute our discretion for that of the court below": Rimer's Contested Election, 316 Pa. 342. Section 4 of the Act of 1935, supra, authorizes the exclusion of the poll of a district, if (as averred by appellant) the ballot box be found to contain more ballots of one party than the number of voters of that party who voted at the election, *in the discretion of the return board.* We will not interfere with a valid and proper exercise of that discretion.

Moreover, it should be noted that this matter is not an election contest but in effect a computation proceeding. For that reason the Act of 1919, P. L. 72, does not apply in cases of this character and does not bring before us the evidence upon which the lower court made its decision: Plains Twp. Election Returns, 280 Pa. 520. Since the testimony is not properly part of the record, we have no basis for determining whether the court below, in dismissing the petition, committed an abuse of discretion. The determination of the merits of this controversy was peculiarly within the jurisdiction of the court below by virtue of the provisions of the act of assembly. The record is regular in all respects and beyond that fact we are not required to look.

Appeal dismissed at appellant's costs.