## Herminie Election District Returns of Sewickley Township.

Argued March 23, 1937.   Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Fred Trescher,* of *Kunkle, Walthour & Trescher,* with him *Robert B. Mitinger,* for appellants.

*Edw. P. Doran,* with him *Harry L. Allshouse,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, May 17, 1937:

Appellants were candidates for school directors of Sewickley Township, Westmoreland County, at an election held November 5, 1935; three were to be elected. The other appellant, Speer, and appellee, Wilson, were rival candidates for the office of justice of the peace of that township. Sewickley Township is divided into seven election districts, of which Herminie district is one.

On November 13, 1935, a petition of the electors of Sewickley Township to recount the votes cast for township offices under the Act of April 23, 1927, P. L. 360, was granted by the common pleas court. Pending such recount, the return board, learning that more votes had been cast in the Herminie election district than there were registered voters, ordered an investigation of the election of township officers in that district, in accordance with the Act of May 29, 1935, P. L. 246, Sec. 4.*

---

* "If . . . it shall appear that the total vote returned for any candidate . . . exceeds the number of registered or enrolled electors in . . . [any] . . . election district . . . such excess . . . shall be investigated by the return board, and no votes shall be recorded from such district until such investigation shall be had,

While this investigation was being conducted, the return board, on January 4, 1936, before receiving the results of the recount, made an order excluding the entire poll of Herminie election district as to township offices. Under this order, all appellants would have been elected to the offices for which they were candidates. An appeal from that decree was taken to this court.

On January 18th, while the appeal was pending, the recount report was submitted, showing that 84 illegal votes had been cast in the Herminie election district. The return board immediately filed a decree amending its order of January 4th, the effect of which was to elect appellee Wilson to the office of justice of the peace, and to create a vacancy in the offices of school directors, since no candidates received the required majority of votes cast.

The decree of January 18th stated, however, that it was for the information of this court and was not to be enforced until the appeal to this court from the order of January 4th was disposed of. Because of this action by the return board, a *non pros* of the appeal was entered as of April 4, 1936. An appeal was then taken from the order of January 18th by the present appellants, and we remitted the record with directions that a final decree be entered and the record returned to this court. An opinion and final decree was thereupon filed, adopting the terms of the decree of January 18th and declaring appellee elected to the office of justice of the peace and the offices of school directors vacant. This appeal is from that decree.

---

and such excess shall authorize (a) the summoning of the election officers, . . . (b) the production of the ballot box . . . and scrutiny of all of its contents . . .; and the recount of the ballots contained in said ballot box, . . . (c) the correction of the returns in accordance with the result of said recount, (d) in the discretion of the return board, the exclusion of the poll of that district, either as to all offices . . . or as to any particular offices . . . as to which said excess exists. . . ."

Appellants contend that the order of January 4th was a final decree, and all the other decrees were invalid, particularly the decree of January 18th since it could have no legal effect until April 4th, when the *non pros* of the appeal from the decree of January 4th was entered, at which time the term of court in which the decree of January 4th was issued had passed. Appellants also urge that in view of the confused returns of the district election board as to the number of persons who registered and voted, the court below was not justified in including the vote of the Herminie election district, and it improperly based its action on the report of the recount board, which they allege was rendered in a proceeding distinct from that in which the order of January 4th was made.

Although the decree of January 4, 1936, was worded as final, it should not have been entered as such while the recount ordered under the Act of 1927 was extant and undetermined. The recount was not an independent and unrelated proceeding, but was a necessary and component part of the matter under investigation. The return board made the decree of January 4th final because they were under the impression that the provisions of the Act of 1935 did not permit the inclusion of votes of a district in which an excess of votes were cast. Whether such conclusion was right or wrong, a case is never finally determined when any controversial matter, a part thereof, is open and undetermined. The board later concluded it must consider the result of the recount which had been ordered and accordingly remoulded its decree of January 4th to conform to the situation disclosed by the recount. This was entirely proper since the order of January 4th was not final in any legal sense. It was a premature decision based on an incomplete record, made while an essential element necessary to its effectiveness as a final decree was undecided. The findings of the recount board were material to a proper determination of the matter, and these were unavailable.

When the *non pros* was entered to the appeal from the decree of January 4th, the record showed that this decree, though in final form, was such that it could not have been enforced in the court below or reviewed by this court on appeal, as the recount was in progress and the question there involved at large. The situation was similar to a case where there is an attempt to enter a judgment on a verdict while a motion for a new trial is pending and undisposed of. Any enforcement of a judgment entered under such circumstances would be stayed upon proper objection. The entry of *non pros* had the same effect as an order of the court dismissing the appeal, because the decree was not final until the recount order had been disposed of, and for that purpose we would have eliminated the decree of January 18th as being entered while the record was in this court. This made it necessary to remit the record for a final decree, and in pursuance of our order the court below filed one reaffirming their order of January 18th and further substantiating their findings. This decree is the only final and definitive disposition of the case and is the one now presented for our consideration.

Appellee's theory of the case is not sound. His argument is based on the wording of the Act of 1935 which says that no returns from districts in which the vote is excessive shall be made until *after* an investigation; and he urges that since returns from the Herminie election district were computed, they could not thereafter be investigated, because of the rule that the procedure set forth in a statute must be strictly pursued: see *Commonwealth v. Garrigues*, 28 Pa. 9; *Commonwealth v. Leech*, 44 Pa. 332.

We cannot assume that returns filed on November 12th from the Herminie election district included votes cast for township as well as state and county offices; this does not appear from the record. Moreover, even if they did, the investigation of the returns from Herminie election district was ordered three days after their

filing (not the consolidated returns as required by law; none were filed), and under the circumstances such filing would not preclude an investigation found to be necessary when it has been discovered that the vote was excessive. To adopt the narrow interpretation of the act urged by appellee would defeat its purpose. There is nothing so sacred in an election return made without knowledge of election irregularities that it forbids an opportunity for examination and correction of votes which have been improperly cast, the ascertainment of which is provided for by law. The investigation and other proceedings which were carried on subsequent to November 12, 1935, were regular.

There is no merit to appellants' contention that under the conflicting reports presented to the return board the inclusion of the vote of Herminie election district and the deduction of 84 votes from each candidate was improper. As the evidence in support of this action is not before us and there is no irregularity in the record empowering us to act, we will not disturb the decree which was based upon the discretion of the return board after examining the reports submitted to it. This court said in *Healey's Appeal*, 319 Pa. 510, 512, in upholding the refusal of a return board to exclude the poll of a district in which more votes had been cast for a party candidate than there were registered members of that party:

". . . this matter is not an election contest but in effect a computation proceeding. For that reason the Act of 1919, P. L. 72, does not apply in cases of this character and does not bring before us the evidence upon which the lower court made its decision: *Plains Twp. Election Returns*, 280 Pa. 520. Since the testimony is not properly part of the record, we have no basis for determining whether the court below, in dismissing the petition, committed an abuse of discretion. The determination of the merits of this controversy was peculiarly within the jurisdiction of the court below by virtue of the provisions of the act of assembly. The record

is regular in all respects and beyond that fact we are not required to look." The present appeal is governed by these principles.

Decrees entered to Nos. 186, 187, 188 and 189 are affirmed at appellant's cost in each appeal.