## Sewickley Township School District's Appeal.

Argued September 28, 1937.   Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*Fred Trescher,* of *Kunkle, Walthour & Trescher,* with him *John C. Blackburn,* for appellant.

*Edw. P. Doran,* for appellees.

OPINION BY MR. CHIEF JUSTICE KEPHART, October 14, 1937:

A recount and investigation of the election of November 5, 1935, for school directors of Sewickley Township was ordered under applicable statutes.*   On January 4, 1936, prior to the completion of the recount of that district, an order was made declaring John W. Jones, Albert Ulerick and John Thorn elected.   The prothonotary, on January 11th, issued certificates of election to them, and shortly thereafter they took their oaths of office.   An appeal to this court was taken from the order declaring these men elected.   While that appeal was pending the common pleas court, on January 18, 1936, sitting as part of the return board, upon receipt of the report of the recount, entered a decree reversing its

---

* See *Herminie Election District Returns of Sewickley Township,* 326 Pa. 321.

former action and declaring vacancies in the offices of three school directors. The court stated, however, that this decree was for the information of the Supreme Court and was not to be enforced pending disposition of the appeal from the first order. In this second order the prothonotary was directed to cancel the election certificates issued for the offices of school directors and to notify the school board of vacancies.

Within thirty days after the decree of January 18th, the remaining board members by a majority vote chose the same three men, who had been declared elected by the order of January 4th, to fill the vacancies. They were again sworn into office, and have been performing the duties of directors up to the present time.

The appeal taken to the order of January 4th was nonprossed, and a second appeal was taken from the decree of January 18th; on that appeal this court remitted the record for the entry of a final decree. The court below adopted the order of January 18th as its final decree. This court, on May 17, 1937, affirmed the order declaring the offices vacant, stating that the order reaffirming the decree of January 18th was the only final one, since the order of January 4th had been entered before the recount had been completed, and the decree of January 18th had been entered while the record was in this court: *Herminie Election District Returns of Sewickley Township,* 326 Pa. 321.

On June 19, 1937, or more than thirty days after the final decision of the matter by this court, the present taxpayers' petition was filed under Section 214 of the Act of May 18, 1911, P. L. 309, on the theory that no vacancy existed in the School Board until this court had finally decided the questions raised by the petition for recount, and the action of the school board in making appointments was a nullity, since no vacancies existed at that time; and under the School Code the court could appoint.

A majority of the court below held that vacancies existed in the office of school directors and appointed John Arch, Harry Smouse and Jacob Wolf as directors. It is from that decree this appeal is taken. The dissenting judge, agreeing that vacancies existed, held that the question of the right of the incumbents to hold the office of school directors must be first tested by quo warranto. The majority disagreed with that conclusion, and that is the only question before us for decision. There may be some question as to the holding of the court below that no vacancies existed until this court's decision was handed down, but we are not called upon to discuss that matter now.

It is true if the three directors attempted to hold office without any color of right, such intrusion should not stay the hand of the court in the present proceeding, as under Section 214 of the School Code, Act of May 18, 1911, P. L. 309, where a vacancy occurs in the office of school director, it may be filled by the board within thirty days. The terms of three directors expired on the first Monday of December, 1935, and their successors were not elected at the election held November 15, 1935. However, the three men declared to be elected by the order of January 4th assumed the duties of the office under certificates of election. These certificates may have been entirely void or they may have been valid until the reversing order of the recount board, but that question becomes immaterial here, as the same men, after the entry of the decree of January 18th, were appointed directors by the school board, and since that time have acted in that capacity either by virtue of the election, or of appointments by a lawful power. See *Com. ex rel. Fortney v. Wozney,* 326 Pa. 494. Undoubtedly they are at least de facto officers acting under color of authority. With these facts before the court it should not have proceeded upon the petition requesting new appointments.

The court neglected to consider the important fact that the vacant offices were occupied by de facto incum-

bents at the time the appointments were made to displace them. The remedy available to taxpayers under Section 214 of the School Code, supra, cannot be asserted for the purpose of testing the right of de facto incumbents to occupy a public office, for this would result in a trial of their title to the office in a proceeding to which they are not parties. That quo warranto is the only action to try title to a public office was fully discussed in *Com. ex rel. District Attorney et al. v. Gibson,* 316 Pa. 429, where the petitioner brought a writ of mandamus to compel revocation of the appointment of a de facto incumbent as registrar of an election precinct, and to have another person appointed. This holding was recently approved in *Brinton et al. v. Kerr,* 320 Pa. 62, where we stated at p. 64: ". . . we again announce as a definite rule that 'the exclusive remedy [to try the title to office] is by an action of quo warranto.' "

These de facto incumbents, holding office under color of the authority of the school board which may fill vacancies that occur from time to time, are not parties to this proceeding. They are entitled to have their title adjudicated in a proper proceeding before the court below takes action on the petition. The appointments under the petition are, to say the least, premature. The court below should forthwith issue an order directing the district attorney to institute quo warranto proceedings against the de facto incumbents to try their title to the offices in dispute. At that hearing, the question as to when the vacancies in the offices of school directors in Sewickley Township, following the 1935 election, first existed, and what effect, if any, our ruling in *Com. ex rel. Fortney v. Wozney,* supra, may have, can be passed upon; pending such determination, the action on the petition is suspended.

Decree reversed; no order for costs.