## Commonwealth v. Owen et al.

*Charles H. Still* and *William W. Wogan*, for motions.

*John E. Brenneman*, district attorney, *Spencer R. Liverant* and *C. M. Lawyer, Jr.*, contra.

SHERWOOD, P. J., August 5, 1940.—John E. Brenneman, District Attorney of York County, filed in the court of common pleas suggestions for writs of quo warranto directed against Walter F. Owen, alderman, and Ralph W. Keech, constable, of the First Ward of the City of York, challenging their right to office, alleging respondents were guilty of wilful violations of the election laws while they were candidates for the office of alderman and constable at the primary and municipal elections of 1939.

They were nominated on the Republican and Democratic tickets and at the municipal election of 1939 received all votes cast on both tickets. They were duly declared elected, Owen receiving a commission from the Governor of the Commonweatlh of Pennsylvania and Keech a certificate of election. Subsequent to the election of respondents and before the filing of the suggestions for writs of quo warranto by the district attorney, 20 electors of the First Ward of the City of York filed their petitions in the court of common pleas contesting the election of Owen and Keech as being undue and illegal. Motions to quash these petitions were filed by respondents and, after hearing and argument before the court, the petitions were quashed. No appeal was taken by petitioners to the action of the court quashing their petitions for contest. Motions to quash the suggestions for writs of quo warranto were duly filed by respondents. Respondents contend: (1) That the matters complained of are the same as alleged in the petitions contesting their election and that, therefore, the matter is res adjudicata; (2) that as to constitutionally mandated offices article VI, sec. 4, of the Constitution, which provides: "All officers shall hold their offices on the condition that they behave themselves well while in office, and shall be removed on conviction of misbehavior in office or of any infamous crime. Appointed officers, other than judges of the courts of record and the Superintendent of Public Instruction, may be removed at the pleasure of the power by which they shall have been appointed. All officers elected by the people, except Governor, Lieutenant Goveriner, members of the General Assembly, and judges of the courts of record learned in the law, shall be removed by the Governor for reasonable cause, after due notice and full hearing, on the address of two-thirds of the Senate"; is a bar to quo warranto in that it provides the exclusive method of removal; (3) that as to the office of constable, the method of removal set forth in the Act of May 27, 1841, P. L. 400, sec. 14, as amended by the Act of May 7, 1929, P. L. 1581, sec. 1, is

the exclusive remedy for petitioner; while relator contends that the matters complained of are not res adjudicata, that quo warranto does lie, and that wilful violation of the election laws disqualifies respondents from holding office under article VIII, sec. 9, of the Constitution of the Commonwealth, which provides: "Any person who shall, while a candidate for office, be guilty of bribery, fraud, or wilful violation of any election law, shall be forever disqualified from holding an office of trust or profit in this Commonwealth"; and under section 1851 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, which provides: "Any person who shall, while a candidate for office, be guilty of bribery, fraud or wilful violation of any provision of this act, shall be forever disqualified from holding said office or any other office of trust or profit in this Commonwealth"; and that there is no statutory bar to quo warranto proceedings as to either of the respondents.

The law as to res adjudicata is elementary. To make a matter res adjudicata there must be concurrence of the following conditions: (1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and of the parties to the action; and (4) identity of the quality in the persons for or against whom the claim is made.

As pointed out in 15 R. C. L. 955, it is fundamental that a decision not on the merits is not res adjudicata even between the same parties. See Weigley, Exec., v. Coffman, Exec., 144 Pa. 489. Here the parties in interest are different. In the election contest the interested parties were 20 electors; in these proceedings the interested and moving party is the Commonwealth of Pennsylvania acting through the district attorney of the county. In the quo warranto proceedings we must assume the good faith of the district attorney as he seeks only the vindication of the rights of the State. Under the law he and he alone must conduct and prosecute the proceedings, as nowhere in the suggestions for the writ is there an allegation of

such special interest by a private relator as would entitle him to conduct and prosecute the proceedings. The subject matter is also different. Here it is eligibility, not integrity of the votes cast, which is questioned. In the election contest the question was, did the candidates have enough votes to be declared elected? In these proceedings the question is, even though elected: Are these respondents disqualified from holding office? There has been no previous decision on the merits. It follows that we must reject respondents' contention that the matter is res adjudicata.

Respondents also assert that these proceedings are a collateral attack upon the judgment of the court in the election contest. On the contrary, it seems to us that they are in accord with the court's decision in the election contest, because in that decision we pointed out:

"Contestants contend the intent of inquiry to be whether or not the election was undue or illegal. This is a misconception. The inquiry is as to whether the election of office of alderman and constable was undue and illegal. We are of the opinion that the petition does not plead averments which, if proven, would necessarily vitiate the election so far as it concerns the office of alderman and constable."

The question here is not whether the election of alderman and constable was undue and illegal. Their election is admitted. They have been duly commissioned and certified. The question here is whether or not they are disqualified from holding the offices to which they were elected. Respondents rely on Commonwealth ex rel. v. Leech, 44 Pa. 332, Commonwealth ex rel. v. Garrigues, 28 Pa. 9, and Commonwealth ex rel. v. Henszey, 81* Pa. 101. We feel that these cases are not applicable because in these decisions the objection rested in the validity of the election, not the qualification of the candidates. Consequently in these cases election contests were the proper remedy.

Quo warranto being the only statutory method of removal, is there any constitutional bar? Writs of quo

warranto in Pennsylvania are authorized only by the Act of June 14, 1836, P. L. 622, sec. 2, which provides as follows:

"Writs of quo warranto in the form and manner hereinafter provided, may also be issued by the several courts of Common Pleas, concurrently with the Supreme court, in the following cases, to wit . . .

"II. In case any person, duly elected or appointed to any such office, shall have done, suffered, or omitted to do, any act, matter or thing, whereby a forfeiture of his office shall by law be created."

The grounds of forfeiture of the right to hold office fall into two broad classes. The first includes the group in which the simple happening of an event or the commission of an act, whether it involves misconduct or not, disqualifies a person from holding office. Thus, where residence is a qualification, loss of that residence works a forfeiture. Similarly, where the law provides for forfeiture if an officer shall commit or be guilty of certain acts, which may also be crimes, the commission of the act works the forfeiture, and conviction of the crime is not a prerequisite to removal by quo warranto. Examples of this type of cases are found in Commonwealth v. Allen et al., 70 Pa. 465, Commonwealth ex rel. v. Walter, 83 Pa. 105, Commonwealth ex rel. v. De Camp, 177 Pa. 112, and Commonwealth ex rel. v. Bennett, 233 Pa. 286.

The second general class consists of situations in which conviction of a crime is a necessary prerequisite to forfeiture of office or disqualification from holding office. Article VI, sec. 4, of the State Constitution exemplifies such a provision. In such cases, nothing short of a sentence in a criminal proceeding creates a forfeiture: Shields v. Westmoreland County, 253 Pa. 271. Respondents contend that article VI, sec. 4, of the Constitution provides the exclusive method of removal from office which bars removal by quo warranto. They overlook the fact that since 1836 by statute, and prior thereto by common law, the method of quo warranto existed as a means of ouster

for usurpation or forfeiture of office. The Act of 1836, supra, preceded the Constitution of 1874. The Constitution of 1874 provided in section 2 of the annexed schedule:

"All laws in force in this Commonwealth at the time of the adoption of this Constitution not inconsistent therewith . . . shall continue as if this Constitution had not been adopted."

There is, then, a very strong presumption in favor of the contended validity of the Act of 1836. It remains to examine the act and the Constitution in the light of that presumption. From such an examination we conclude that the Constitution does not bar removal in these proceedings, as a reading of article VI, sec. 4, will show that it deals only with removal for acts or omissions while in office. Bowman's Case, 225 Pa. 364, in which respondent Owen places chief reliance, deals only with removal for nonresidence while in office. Commonwealth v. Shaver, 3 W. & S. 338, decided that an election violation by a candidate is not a misbehavior in office. This constitutional provision does not, nor was it intended to, apply to removal for disqualification. This is shown by the constitutional debates. This provision of the Constitution received considerable discussion. Nowhere in the debate is there the faintest reference to this clause as applying to removal for disqualification. There are considerable references, unchallenged, to article VI, sec. 4, as the means for removal for incompetency or misconduct while in office. See Constitutional Debates, vol. 3, pp. 224 to 231, incl.; vol. 7, p. 782, and vol. 8, p. 124. To hold otherwise would seem to nullify other provisions of the Constitution. Under article IV, sec. 5, of the Constitution, the Governor of the Commonwealth is required to be 30 years of age and a resident of Pennsylvania for a certain number of years. If respondents' contention is correct, there would be no means of enforcing this provision. Under article V, sec. 11, aldermen must be residents of their district for one year prior to election. Under respondents' contention, disqualification here could only be remedied

by removal by the Governor on address of the Senate. The courts, however, have held otherwise and have allowed the writ of quo warranto where it is shown that an alderman or justice of the peace does not comply with this section: Commonwealth ex rel. v. Cameron, 259 Pa. 209. Therefore, article VI, sec. 4, and article VIII, sec. 9, contemplate entirely separate proceedings for entirely different causes. Article VI, sec. 4, removes from a particular office, while a violation of article VIII, sec. 9, disqualifies from holding all offices. Article VI, sec. 4, removes for offenses constituting a reasonable cause occurring while in office, whereas article VIII, sec. 9, coupled with the Act of 1836, provides a method of removal or ouster for offenses while a candidate. We feel that respondents are confusing causes for removal with ineligibility to hold office. If an incumbent becomes ineligible to hold the office pending his incumbency and continues to exercise its functions, he is a usurper and may be ousted by quo warranto proceedings. Constitutional or statutory provisions applicable have been interpreted as causing a forfeiture of office upon commission of the offense, rather than upon a judgment of conviction or, in other words, as being self-executing, so that quo warranto is held a proper remedy, in which the guilt of the accused may be determined and a forfeiture of office pronounced, and a prior conviction is not a prerequisite. We, therefore, hold that there is no constitutional bar to quo warranto proceedings.

As to respondent Keech's contention that he is only removable for causes enumerated in the Act of 1841, as amended by section 1 of the Act of 1929, supra, the original act provided for removal of a constable where from habits of intemperance or neglect of duty he is found to be unfit or incompetent to discharge his duties, and the amendment of 1929 adds only as causes for removal malfeasance or misfeasance in office. Nowhere in the original act or amendment is any procedure for removal provided for disqualification by reason of election violations while a candidate or for any other reasons. The

Act of 1841 and its amendments do not apply. They apply only to intemperance, neglect of duty, malfeasance and misfeasance while in office, and to no other cause for removal. Removal for disqualification occurring prior to the taking of office must be by quo warranto: Fudula's Petition, 297 Pa. 364. The conclusion would, therefore, seem to be inescapable that the only statutory method for removal by reason of disqualification for election violations is by quo warranto as provided in the Act of 1836.

In Commonwealth ex rel. v. Walter, supra, the Attorney General of the Commonwealth brought quo warranto proceedings against the Sheriff of Butler County to remove him for wilful violation of the election laws, under article VIII, sec. 9, of the Constitution. Under article XIV, sec. 1, of the Constitution, the sheriff is a constitutional officer. The Constitution was adopted on November 3, 1873, and went into effect January 1, 1874. The offenses occurred in 1875. The case was before the Supreme Court in 1876. The court in this case sustained the quo warranto proceedings and in doing so pointed out (p. 107) :

"Under the Act of June 14th 1836, the writ of quo warranto is the appropriate remedy where any person shall usurp, intrude into or unlawfully hold or exercise any county or township office within the respective county; or where any person, duly elected to any such office, shall have done, suffered or omitted to do any act, matter or thing whereby a forfeiture of his office shall be created. It is not pretended that we have any statute which declares a forfeiture of either of the offices aforesaid by reason of any of the acts charged in the information. But the 9th section of the 8th article of the Constitution provides that 'any person who shall, while a candidate for office, be guilty of bribery, fraud or wilful violation of any election law, shall be for ever disqualified from holding any office of trust or profit in this Commonwealth; and any person convicted of wilful vio-

lation of the election laws shall, in addition to any penalties provided by law, be deprived of the right of suffrage absolutely for a term of four years.' The object of this provision in our fundamental law is manifest. The frequency and extent of election frauds were beginning to awaken serious apprehension for the future unless promptly checked. A fraud upon the ballot is a crime against the nation. Hence it was that the framers of the Constitution sought to arrest the evil by embodying in the fundamental law the provision referred to. It is our duty to give it such a construction as will carry out the intent apparent on its face, and the object which the people had in adopting it.

"It will be seen that by the express and clear language of the section, any person who shall while a candidate for office, be guilty of any of the prohibited acts, is *ipso facto* for ever thereafter disqualified from holding any office of trust or profit in the Commonwealth. It follows that if this defendant while a candidate for the office of high sheriff of Butler county, was guilty of 'bribery, fraud, or a wilful violation of any election law,' he is for ever disqualified from holding his present office, or any other of trust or profit. . . .

"We are to presume that the framers of the Constitution used the word 'guilty' in its ordinary or popular signification. That they had in view the distinction between being guilty of an offence, and being convicted of an offence is clear, from their employing both words in the section referred to. In the concluding paragraph thereof they say 'any person *convicted* of wilful violation of the election laws shall, in addition to any penalties provided by law, be deprived of the right of suffrage absolutely, for a term of four years.' The word 'guilty' is defined by our best lexicographers to mean 'having guilt; justly chargeable with a crime; not innocent; criminal.' Hence we say that a man is guilty of an offence when he has committed such offence. We say he has been convicted of an offence when he has been

found guilty by the verdict of a jury. We need not elaborate so plain a proposition."

In Commonwealth ex rel. v. Union Traction Co. of Phila. et al., 327 Pa. 497, 509, the Supreme Court, in discussing the Walter case, says:

"The point decided was that the writ [quo warranto] would lie without a prior conviction on an indictment charging bribery and that the violation of the constitutional provision and the resulting disqualification to hold office could be tried in the quo warranto."

In Leonard v. Commonwealth ex rel., 112 Pa. 607, quo warranto proceedings were brought against a county commissioner, who was also a constitutional officer, for violation of the election laws. The court, in referring to article VIII, sec. 9, of the Constitution, said (p. 620) :

"The Constitution provides for the future as well as for the present. Hence when it speaks of a violation of any election law, it does not mean merely such election laws as were in force when it was adopted."

Our conclusion is that wilful violations of the election laws by candidates do disqualify from holding office, that being disqualified they can be ousted from office, and that quo warranto proceedings are the proper method of ouster. It follows that the motions to quash quo warranto proceedings instituted by the district attorney must be refused. By our refusal to quash the suggestions for writs of quo warranto, we do not determine the truth or falsity of the charges made of wilful violation of the election laws by respondents. That is an issue of fact which must be determined by a jury after hearing competent evidence upon the subject.

And now, to wit, August 5, 1940, it is ordered, adjudged, and decreed that the motions to quash writs of quo warranto issued by the Commonwealth of Pennsylvania at the instance of John E. Brenneman, district attorney, against Walter F. Owen and Ralph W. Keech are overruled and refused, and respondents, Walter F. Owen and Ralph W. Keech, are allowed 30 days within

which to file an answer to the writs of quo warranto issued at the instance of the district attorney; and an exception is granted to respondents, Walter F. Owen and Ralph W. Keech, to the action of the court in this regard.