## Commonwealth ex rel. v. Zug

*J. Boyd Landis,* for relator.

REESE, P. J., February 13, 1942.—The suggestion for a writ of quo warranto reveals that the office of burgess in the Borough of Mt. Holly Springs was to be filled at the election in 1941. The relator herein, George W. Zug, had been burgess during the preceding four years. No candidate for this office filed a nomination petition to have his name put on the ballot of either political party at the primary election held September 9, 1941. At the primary election the relator had his name placed on the ballots of both the Republican and Democratic parties by stickers, on which his name was

written, "George W. Zug". Robert Carter also had his name placed on both ballots by stickers. As a consequence, Zug received 57 votes, and Carter 15 votes, for the Democratic nomination, and Zug received 75 votes, and Carter 40 votes, for the Republican nomination. However, on the tally sheets, made out by the election board in the borough and returned to the county board of elections, the following results were recorded:

On the Democratic ticket:
    For Burgess:
        George Zug . . . . . . . . . . . .   57
        Robert Carter . . . . . . . . . .   15
On the Republican ticket:
    For Burgess:
        George B. Zug. . . . . . . . . .   75
        Robert Carter . . . . . . . . .   40

The county board of elections, apparently assuming that George Zug and George B. Zug were one and the same person, had the name "George B. Zug" printed on the ballots for the municipal election held on November 4, 1941, as the candidate of both parties. At the municipal election the vote recorded revealed that George B. Zug received 341 votes, and that Robert Carter received 107 votes by the use of stickers, etc. There is a qualified elector in the Borough of Mt. Holly Springs by the name of George B. Zug.

The suggestion for the writ also avers that George W. Zug was an active candidate for the office, and that George B. Zug never intended to be a candidate and does not desire to serve as burgess. George B. Zug, the respondent, accepted service on the writ of quo warranto, but filed no appearance and no answer. The relator, George W. Zug, has filed a motion for an order adjudging that relator be declared Burgess of Mt. Holly Springs.

There are several reasons why we cannot make such an order. In the first place, the averments of the sug-

gestion for the writ are defective in that there is no averment that respondent, George B. Zug, had actually entered into, exercised, or possessed the office of burgess. It is fatal to a proceeding in quo warranto that it was begun before respondent had entered on the duties of the office. There must be some act of usurpation, or user or possession of the office, before quo warranto can be invoked: Commonwealth v. McMullin, 3 Pa. C. C. 548; Updegraff et al. v. Crans, 47 Pa. 103. As a matter of fact, it is known to us, off the record, that respondent herein has never qualified for or taken possession of the office, and that by reason of his failure so to do the borough council has appointed another person to fill the vacancy. There is still another reason why the writ of quo warranto will not lie in the instant case. Where a statute prescribes a mode for inquiring into and determining the regularity and legality of a municipal election, and the returns made thereof, the remedy so provided must be followed, to the exclusion of the common-law mode of redress. In such a case quo warranto cannot be maintained. Accordingly, it has been held that where there is involved the right to a public office where there are two claimants for it under the same election, the exclusive remedy is by a contest under the election laws rather than by quo warranto: Commonwealth v. Clinger, 24 Del. Co. 504; Commonwealth ex rel. v. Garrigues, 28 Pa. 9; Commonwealth ex rel. v. Leech, 44 Pa. 332.

It seems clear that this unfortunate situation was caused by the borough election board erroneously returning votes cast for relator, George W. Zug, as having been cast for "George Zug" on one ticket and for "George B. Zug" on the other. This error could have been corrected under section 1703 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, 25 PS §3263, providing for the correction of returns. At this stage of the situation relator might also have availed himself of the provisions of section 1406 of the Pennsylvania Election Code, 25 PS §3156, which provides a procedure

to establish the identity of a candidate nominated under different names. It is also clear that a further error was committed by the county election board in assuming that George B. Zug had been nominated on both tickets and in printing the municipal election ballots accordingly. That board had no right to presume, in the absence of proof, that "George Zug" and "George B. Zug" were one and the same person: Contested Election of Corry School Director, 18 Dist. R. 4. At this point the relator could have appealed to the court of common pleas from the decision of the county board, under the provisions of section 1407 of the Pennsylvania Election Code of 1937, 25 PS §3157, which provides for an appeal to court from the decision of the county board regarding the computation or canvassing of the returns of any primary or election.

It now seems clear, assuming the facts set forth in the suggestion for the writ to be true, that the name of respondent, George B. Zug, was not properly on the ballots for the municipal election and that his election was invalid. However, the court is powerless to oust him from the office, because there is neither averment or proof that he ever exercised or possessed the office. It is also clear that we cannot declare relator, George W. Zug, elected, for the simple reason that his name did not appear on the ballot at the municipal election. It follows that no one was properly elected and that as a consequence a vacancy in the office exists, which could be, and, as we understand has been, filled by borough council.

A somewhat similar situation arose in the case of In re Election of Straban Township School Directors, 30 D. & C. 651. In that case, Harmon Beamer was a candidate for the office of school director on the Republican ticket. Votes cast for him at the primary were returned by the local election board as having been cast for "Herman Benner", and "Herman Benner", having received the majority of the votes, was returned

as the nominee of the Republican party. The name of "Herman Benner" was printed on the ballots for the general election and "Herman Benner" was elected.

There was no person in the township bearing the name "Herman Benner". Harmon Beamer sought to have himself declared elected, but the court held that the misstatement of the name of the candidate rendered the ballot so defective as to be calculated to mislead the voters, and that the defective condition of the ballots may have affected the result of the entire election for the particular office; and accordingly the election was held invalid, and that a vacancy in the office existed.

The case now before us is even stronger, for here there actually was a person by the name of "George B. Zug," who received the majority of the votes at the municipal election. In the case above cited it was pointed out that the only remedy was to have corrected the error immediately following the primary election, under section 1703 of the Pennsylvania Election Code.

Relator herein asks us to apply the provisions of section 13 of the Act of April 13, 1840, P. L. 319, 12 PS §2040, which provides that, in a proceeding for a writ of quo warranto, when, after judgment of ouster, it cannot be ascertained who is duly elected, the court may order a new election to fill the office to be held at such time thereafter as shall be appointed by the court. We do not feel that we can order a new election in the present situation. In the first place, it will be observed that the act is not mandatory, but discretionary, for it is provided that the court "may" order a new election. In the second place, there is no machinery provided by any existing election laws for any such special election.

In view of all the foregoing we must, regretfully, dismiss the writ of quo warranto. Relator herein was an active candidate for the office of Burgess of the Borough of Mt. Holly Springs, and if the facts set forth in the suggestion for the writ are true, and we must

assume them so to be, it is indeed regretful that he has been deprived of the office by the unfortunate errors committed by the borough election officers and the county election board. These errors, however, as we have pointed out, could have been corrected at the proper time.

And now, February 13, 1942, the writ of quo warranto is hereby dismissed.