## Dando v. Lord et al.

*Gallagher & Gallagher*, for plaintiff.
*Alvin E. Maurer* and *Henry Houck*, for defendants.

DALTON, J., February 13, 1950.—In this mandamus action, plaintiff has moved for summary judgment under Pa. R. C. P. 1098, which provides that such judgment may be entered "At any time after the filing of the complaint . . . if the right of the plaintiff thereto is clear. . . ."

The complaint alleges that plaintiff was elected as a school director of the School District of Branch Township at the municipal election held on November 8, 1949, that the county bureau of elections issued to him

a certificate of election, which he presented, together with a certificate that he had taken the prescribed oath of office, at the organization meeting of the school board on the first Monday of December 1949; that after he had presented his credentials the other members of the board, by a vote of three to one, refused to admit him to membership; and that defendants continue to deny him the right to occupy the office of school director. The prayer for relief is that defendants be commanded to seat him as a school director of said school district.

One of the defendants, Robert Barnhart, has filed no answer. The other defendants, Arnold Lord, Herbert Spangler and Harold Heim, have filed an answer in which they admit that plaintiff was elected to the office of school director; that he was issued a certificate of election, and that he presented his credentials at the organization meeting of the board. They aver that on motion of defendant, Harold Heim, the board, by a vote of three to one, adopted the following resolution: "That the seat on this board to which Joseph P. Dando was elected be declared vacant since I believe he is not capable to serve because of reasons set forth in the Constitution of the Commonwealth of Pennsylvania." They admit that they continue to deny plaintiff the right to occupy the office. By way of new matter, they aver that plaintiff was convicted in 1939 in the United States District Court for the Eastern District of Pennsylvania on a bill of indictment to June term, 1938, no. 7922, charging him and others with the offense of conspiracy to commit an offense against the United States, to wit., diverting services which were the property of the United States; and that on or about November 8, 1939, the United States circuit court of appeals dismissed an appeal from the judgment of sentence. They further allege what are really conclusions of law to the effect that the alleged offense was a felony

under Federal law, and constituted an "infamous crime" within the meaning of article II, sec. 7 of the Constitution of Pennsylvania, which provides that: "No person hereafter convicted of embezzlement of public moneys, bribery, perjury or other infamous crime, shall be eligible to the General Assembly, or capable of holding any office of trust or profit in this Commonwealth."

For the purposes of the present motion for summary judgment, the averments of fact in defendants' answer and new matter must be taken as true, but not the conclusions of law which are therein stated.

It is not necessary for the disposition of the present case to decide whether the offense of which plaintiff was allegedly convicted is an infamous crime within the meaning of the constitutional provision. *It was conceded by defendants at the oral argument that the basic question in the case is whether defendant school directors have any legal right to challenge plaintiff's qualifications for the office.* If they have no such legal right then it is their mandatory duty to accept plaintiff's certificate of election and to seat him as a member of the board: Public School Code of March 10, 1949, sec. 402.

Title to public office is a public question which ordinarily can be raised only by the Attorney-General or the district attorney; a private citizen cannot raise the question unless he is an adverse claimant to the office: Commonwealth ex rel. Schermer v. Franek, 311 Pa. 341. This is so even though the question may relate to the constitutional qualifications of the person whose title to the office is challeged: Commonwealth ex rel. McLaughlin v. Cluley, 56 Pa. 270; Commonwealth ex rel. Butterfield v. McCarter, 98 Pa. 607.

It is clear that defendant school directors, under the foregoing decisions, would have no legal standing to

question plaintiff's title to the office by action of quo warranto, whether in their official capacity or as private individuals. It is also clear that they have no legal right to question plaintiff's title to the office by refusing to seat him or by declaring his seat vacant, unless the legislature has given them the right to judge of the qualifications of their fellow members. Our own research has failed to disclose the existence of any such power, and it was admitted by defendants at the oral argument that they could advance no authority, either statutory or decisional, in support of that proposition. The authorities in point are all directly to the contrary, and are to the effect that school directors have no power to pass upon the qualifications of their fellows to the office to which they are regularly elected, and cannot refuse to seat such members on the ground that they lack the necessary qualifications: Commonwealth ex rel. Phillips v. Mann et al., 5 Dist. R. 439; Bentley v. Gillespie, 18 Del. Co. 571; Kurtz v. Steinhart et al., 60 D. & C. 345. The question must be raised by quo warranto at the suit of a competent relator. See also, holding to the same effect with respect to borough councilmen, Commonwealth ex rel. Kovacs v. Shrotnick, 13 Lack. Jur. 113, and the decisions of this court in Commonwealth ex rel. Radzievich v. Davis et al., 11 D. & C. 319; Commonwealth ex rel. Radzievich v. Davis et al., 12 D. & C. 262.

Since defendants have no legal right to question plaintiff's qualifications, he has a clear right to have them perform the purely ministerial duties of accepting his certificate of election and seating him. One who has not been entrusted with the right to pass upon the qualifications of a public officer may not set up the officer's alleged disqualification as a defense to a mandamus action brought by such officer: Commonwealth ex rel. Shoemaker v. Thomas et al., 328 Pa. 19, 23. We have no jurisdiction to determine the question

of plaintiff's legal qualifications for the office in the present proceeding, because, in the absence of a statute providing otherwise, the exclusive and proper remedy to determine title to public office is by action of quo warranto: Commonwealth ex rel. Shoemaker v. Thomas et al., 328 Pa. 19, 24; Sewickley Township School District's Appeal, 327 Pa. 396; Driskel et al. v. O'Connor et al., 339 Pa. 556. See also opinion by Judge Houck in Commonwealth ex rel. v. Brady, 38 D. & C. 107, p. 112.

"They declared this office vacant. In that, they exercised nothing more nor less than a judicial function. As such, it was wholly abortive unless it is for them to pass upon the qualifications of their members. If that be one of their powers it must be found in some statute; and admittedly there is none": Commonwealth ex rel. Kovacs v. Shrotnick, 13 Lack. Jur. 113, 117. "As the matter before the court now stands, the relator shows a prima facie title to the office of school director. . . . He holds the . . . certificate that he has been elected. He has been sworn . . . yet he has been denied the right to exercise the office to which the people have chosen him, because a majority of the board of school directors . . . have arrogated to themselves the settlement of the question of his qualifications. It is enough to say, in deciding this case, that they have shown no such right vested in them, and they cannot therefore refuse him his seat": Commonwealth ex rel. Phillips v. Mann et al., 5 Dist. R. 439, 440-441. Plaintiff has shown a prima facie title to the office. Defendants have no legal power to go behind his certificate of election and thereby exercise a judicial function.

And now, February 13, 1950, plaintiff's motion for summary judgment is granted, and defendants are commanded to seat plaintiff, Joseph P. Dando, forthwith, as a school director of the school board of Branch Township School District.